## BOGGUS v. STATE.

### No. 18092.

Court of Criminal Appeals of Texas.

April 15, 1936.

Appeal Reinstated May 27, 1936.

Rehearing Denied June 24, 1936.

Ben F. Cone, of Luling, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is arson; penalty assessed at confinement in the penitentiary for two years.

■ The appeal bond found in the record is insufficient to authorize consideration of the appeal by this court for the reason that it is not approved by the judge who tried the case. The statute, article 818, C.C.P., requires that the bond be approved by both the judge and the sheriff. See Wood v. State (Tex.Cr.App.) 83 S. W.(2d) 670, and cases cited.

Appellant is granted fifteen days from this date within which to perfect his appeal.

The appeal is dismissed.

### On Motion to Reinstate Appeal.

KRUEGER, Judge.

The appellant was convicted of the offense of arson, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

At a former day of this term this court dismissed the appeal because of an insufficient appeal bond. Since that time the appellant has filed an appeal bond, which has been duly approved by the sheriff of Caldwell county and the presiding judge, accompanied by a motion to reinstate the appeal. Therefore, the appeal is reinstated and the case will be disposed of on its merits.

■ Appellant was indicted on the 7th day of November, 1934, for the offense of arson. His case was called for trial April 8, 1935. Appellant tried to obtain the services of an attorney, but up to that time he had not succeeded because he was unable to raise any money, which he made known to the court on the day his case was set for trial. The trial court appointed Emmett Shelton, an attorney at law, to represent the appellant. Upon the advice of his counsel appellant with the consent of the district attorney and the approval of the presiding judge waived the jury and entered the plea of guilty. The court duly admonished him of the consequences of his plea and inquired of him if he had been influenced to enter such plea by any consideration of fear or by any persuasion or delusive hope of pardon prompting him to confess his guilt, which he answered in the negative. The court satisfied himself as to appellant's sanity and thereupon received his plea of

guilty and assessed his punishment at confinement in the penitentiary for a term of two years; he immediately accepted sentence. Thereafter he filed a motion for a new trial in which he asserted that he was not guilty; that at the time the house in the town of Luling in Caldwell county was burned, he was visiting in Gonzales county. This motion was controverted by the state. The court heard evidence on the issues thus made and at the conclusion thereof overruled the motion. The appellant on cross-examination testified: "After the indictment was read to me, the judge asked me 'Is anybody making you plead guilty?' and I said 'No.' He asked me 'Is anybody forcing you to plead guilty?' and I said 'No.' He asked me 'if the governor had promised to pardon me if I would plead guilty,' and I said 'No.' He asked me if I was pleading guilty because I was guilty and I answered 'Yes.' Then he had me to hold up my hand and be sworn to testify the truth, the whole truth and nothing but the truth. I was asked if I was guilty of the offense charged in the indictment and I answered 'Yes.'" It is our opinion that the court in overruling the motion for a new trial did not abuse his discretion. The trial court was not bound to accept as true the testimony offered by the appellant in support of his motion for a new trial. See Koch v. State, 110 Tex. Cr.R. 405, 10 S.W. 545; Hawkins v. State, 99 Tex.Cr.R. 569, 270 S.W. 1025.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

### PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### On Motion for Rehearing.

LATTIMORE, Judge.

Appellant's motion for rehearing asserts as the law that the courts are bound to accept as true testimony of disinterested witnesses to the effect that the appellant was not at the scene of the alleged arson, when same was committed, when said testimony is not discredited by or in conflict with other evidence; and that such is the case here, and that we abused our discretion when we disregarded such testimony and affirmed this case.

There seems little need to debate appellant's propositions. His client under oath, in open court, wholly disputed the testimony given in support of the motion for new trial. He testified under oath that he was guilty of arson; that he burned his own house, which was insured. The mere fact that one left his house at or about noon one day and did not come back to it until the next day would not be incompatible with his guilt of burning it the night of his absence. He might easily be one of a group of principals, or he might have arranged a time device to set fire to the house. In the case before us appellant offered as his "disinterested witnesses" his wife and his niece, and the husband of said niece, who admitted on cross-examination that he had been indicted and served two penitentiary terms for burglary from different counties; that he had been arrested in two other counties for felony, and had paid a fine in Gonzales county. We think the learned trial judge well within his discretion in declining to grant a new trial upon such a showing, and that we are not called upon to review his action in so doing.

The motion for rehearing is overruled.