ERBERT BAILEY v. STATE

No. 34,245. February 21, 1962

90

No attorney for appellant of record on appeal.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Robert E. Delany,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for assault with intent to murder with malice; the punishment, ten years.

The testimony shows that Jimmy Dawson, the injured party, arrived at appellant's home about 12:30 A.M. After knocking on the door and being told by the appellant to "come on", Dawson entered the house. The appellant, who was in bed, asked Dawson to have a seat, and he sat down on a couch about nine feet from appellant's bed. Dewey Mask, another man, and a woman were there when Dawson arrived, but the other man and woman soon left.

Dawson testified that after the man and woman had gone he asked appellant how he was doing and the appellant replied: "Not very good. Get out." Appellant then pulled a pistol from under his pillow, pointed it toward him, and shot him twice. He then ran to his car and drove away.

A physician testified that his examination of Dawson revealed that he had been shot twice; that one bullet had entered the inner side of the ankle and came out about four inches above on the back portion of the leg, and that he had another bullet wound in the left thigh. He expressed the opinion that these were serious bodily injuries.

The appellant did not testify but called Dewey Mask who was present at appellant's house. He testified that the appellant was in bed and Dawson was sitting on the couch with his legs in an elevated position. Then Dawson asked the appellant about bringing some women to his house. Appellant told him he did

not want them out there and told Dawson two or three times to get out. After telling Dawson if he did not leave someone would take him out, the appellant took his pistol from under his pillow and shot one time. Dawson then said, "I will get out," and got up and limped out. He further testified that Dawson made no threats and that he did not see him with a gun.

Appellant contends that the trial court abused its discretion in refusing to grant his motion for a new trial.

In his motion, he alleges that two witnesses, Mr. and Mrs. Moran, for whom he had requested the issuance of subpoenas on April 27, 1961, for their appearance on May 2, were not served and they did not appear, and they would testify to facts showing provocation by Dawson. He further alleged that no attorney represented him on the trial, although the court offered to appoint one, but he declined on the ground that he was of the opinion that the court might appoint one who would jeopardize his rights rather than protect them; and that he may have been in error because the court would not have knowingly made such appointment. He also alleged that he first learned since the trial that the injured party's general reputation for truth and veracity was bad; and that the pistol was inadvertently discharged. Further, that if he had been properly advised he would have testified and would if granted another trial.

The record shows that the indictment was returned February 20, 1961. The attorney who filed and presented this motion for new trial also filed his first application for continuance March 27, 1961, which was granted on that date. The appellant testified on the hearing of the motion that on May 1, the judge sent an officer to his home to ask him if he wanted an attorney appointed to represent him, and he told the officer he did not. Before the trial began on May 2, the court asked appellant if he wanted him to appoint an attorney and he declined with this statement to the court: "If I can't beat this case, I should just go on down." He further testified "because I just couldn't see how in the world I could miss beating the case * * *."

Deputy Sheriff Wilson testified that he went to the home of the Morans to summon them in this case, but found no one at home, and that a note on the screen read: "gone to Dallas to sister or mother".

The appellant announced ready for trial when this case was

called and no written motion for a continuance or postponement was filed.

The granting or refusal of the motion for a new trial was, under the evidence, within the discretion of the trial court. It is concluded that the court, upon the evidence offered, did not abuse his discretion in overruling the motion. Berry v. State, 159 Texas Cr. Rep. 492, 265 S.W. 2d 86; Grizzell v. State, 298 S.W. 2d 816.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.