**Raymond Leon JEFFERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42653.

Court of Criminal Appeals of Texas.

March 11, 1970.

Rehearing Denied April 29, 1970.

Tom F. Reese, Jr., Garland, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Camille Elliott, James P. Finstrom, Douglas D. Mulder, C. H. Erwin and Jim Bark-

low, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for rape; the punishment, fifty years.

The sufficiency of the evidence is not challenged.

The record reflects that about 12:30 in the morning, the complainant took a co-worker home from their place of employment. She then started toward the nursery to pick up her child and was forced to the curb by a station wagon. In an effort to escape, she backed her car into a yard, but the motor stalled. She got out of the car and ran and was grabbed by two men and was taken to the station wagon which was occupied by some six people. Her life was threatened; her clothes were torn off, and she was driven to an alley where she was raped by the six men some sixteen or eighteen times. She was also forced to commit an act of sodomy. Her ring and watch were taken. After she pretended to be unconscious, she was rolled under a bush. She could not identify the men, but Thomas Samuells, one of the attackers, testified that appellant was one of the group and was the first to rape the complainant.

Appellant and his brother testified to an alibi. The jury chose not to believe them.

■ In the first ground of error, it is contended that the trial court erred in overruling a motion for mistrial during the argument of Mr. Mulder, an assistant district attorney.

The argument was as follows:

"Let's clear one thing about what Samuels said * * *. He has never testified in this Court or any other court at any time under oath that Raymond Leon Jefferson was not out there and participated in that rape."

An objection was made that there was no evidence in the record to support the argument. The trial court informed the jury that he would let them judge what the testimony was. The prosecutor then said, "Judge, I did not object to it when Mr. Reese (appellant's counsel) said it, because I was there and had—." Another objection was made, and the prosecutor then withdrew the argument. The trial court instructed the jury not to consider the argument and overruled the motion for mistrial.

It appears from the record that Thomas Samuells had testified at the trial of Charles Morgan (a participant in the rapes) and that he had talked to appellant's counsel the night before the trial of the present case. Samuells was cross-examined extensively, and he testified that he was mixed up at the first trial.

Appellant's counsel had previously argued that Samuells had lied under oath before, and "[T]he first time he said that Raymond Jefferson was not there, he told you that after that he went out and talked to his lawyer and he came back in the courtroom and testified that he was there. The next time he said that he was not out there is when he told me that, and yesterday morning he talked to his lawyer again and again he got back on the witness stand and said he was there. * * *" He also argued that the State had not placed appellant at the scene of the crime.

The State contends that the argument was invited by the argument of appellant's counsel.

Assuming that the argument was not invited, the trial court instructed the jury not to consider it, and the argument was not such as would constitute reversible error. In 5 Tex.Jur.2d, Sec. 436, p. 657, is found:

"The prosecutor's improper remarks or argument will result in a reversal, where it appears that they injured defendant. But not every improper remark of the prosecutor calls for reversal; a judgment will not be disturbed if the

conduct was harmless, or did not prejudice defendant. * * *

"In determining whether the prosecutor's remarks harmed the defendant, the entire record, as well as the circumstances of the case, will be considered. On this question, precedents are of little value."

In considering the entire record, the argument does not constitute reversible error.

■ In his second ground of error, it is contended that reversible error was committed at the penalty stage of the trial when Mr. Mulder argued, "Then they robbed her, they robbed her, they took her watch and they robbed her of her ring. We're talking about rape and robbery and kidnapping, as far as that goes."

An objection was sustained by the court, and the jury was instructed to disregard the argument. The trial court overruled the motion for mistrial. Appellant's counsel contends that this argument was for the purpose of injecting extraneous offenses for which he had not been accused.

Evidence of the acts which showed offenses of robbery and kidnapping, as well as rape, had been introduced before the jury and counsel had a right in the argument to comment upon the facts in evidence. See 1 Branch's Ann.P.C.2d, Sec. 390, p. 409, and Connaughton v. State, 164 Tex.Cr.R. 158, 297 S.W.2d 185, and Ellison v. State, Tex.Cr.App., 419 S.W.2d 849. The second ground of error is overruled.

In the third ground of error, it is contended that the trial court erred in admitting into evidence five buttons and part of a zipper found in the station wagon, and a ring taken from the finger of appellant's sister.

■ The record reflects that at the scene of the attacks officers of the City of Dallas Police Department found part of an envelope which contained the address where appellant lived, the telephone number and "Raymond J." The next day Detective Dhority drove by the address but did not see anyone. Later he drove by and saw a cream colored Rambler station wagon with the numerals 691 on the license plate, which fit the description given by the complainant. Patricia Jefferson, appellant's sister, was in the station wagon by herself. The station wagon was registered in the name of Martha Jefferson, appellant's mother.

When Officer Dhority walked up, he saw yellow buttons on the floorboard of the station wagon, just like the buttons he had seen on the complainant's blouse at the crime lab. As Patricia Jefferson turned the dial on the radio, he saw the ring with "a high set pearl with a half-moon diamond set around it" which fit the description of the one reported to have been taken from the complainant.

■ It appears that the ring and the buttons were not discovered as a result of a search, and they were properly admitted into evidence. When Officer Dhority saw the ring and the buttons, he had the duty to take them to prevent the consequences of theft under Article 18.22, Vernon's Ann. C.C.P. Taylor v. State, Tex.Cr.App., 421 S.W.2d 403.

■ When the officer found the ring that had been described by the complainant and saw the buttons just like those he had seen on the blouse at the crime lab, he had probable cause to search the station wagon for the watch that was reported taken during the attacks. See Scobey v. State, 145 Tex.Cr.R. 481, 169 S.W.2d 185, 190, and Taylor v. State, supra.

Officer Dhority testified that Patricia Jefferson gave him consent to search the station wagon. Appellant's counsel objected to the introduction of the items taken on the grounds that she did not own the station wagon and did not have the right to consent to a search.

■ It appears that part of a zipper from complainant's clothing was then

found. Patricia Jefferson was the only person in the station wagon. The officer was justified in making the search, because of the consent. It appears that Patricia Jefferson had possession of the station wagon. The fact that she did not have title to the station wagon, by itself, is not sufficient to render the consent void.[1]

The third ground of error is overruled.

The judgment is affirmed.

---

1. See Gurleski v. United States, 405 F.2d 253 (5th Cir. 1968). This Court has held that a wife may consent to the search of her husband's truck. Ennox v. State, 130 Tex.Cr.R. 328, 94 S.W.2d 473. The Court of Appeals for the Fifth Circuit, on January 30, 1970, abandoned its rule of long standing that a wife could not consent to a search of the couple's premises, and held that the wife who had the right to use the premises, along with her husband, could consent to the search of their apartment. United States v. Thompson, 421 F.2d 373.