**Glen Thomas POWERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40552.**

Court of Criminal Appeals of Texas.

Nov. 10, 1970.

Rehearing Denied Dec. 9, 1970.

Two grounds of error are advanced and in order to discuss them, a brief recitation of the facts is necessary. The injured party, Marley, became acquainted with appellant and his female companion at a tavern. Marley and appellant left the tavern and seated themselves in Marley's automobile. Whereupon appellant began to hit Marley and finally got his head down under the steering wheel. At this juncture, Marley was asked and answered as follows:

"Q. What happened then?

A. My money disappeared.

Q. Where did you keep your money?

A. In my billfold in my hip pocket.

Q. All right, sir. Did you see this Defendant get the billfold or get the money?

A. No, sir.

Q. Did he say anything to you?

A. He did.

Q. What did he tell you?

A. He told me to keep my mouth shut and not say anything about it."

We are unable to agree that appellant was not shown to be the person who robbed Marley and such fact takes this case out of the operation of the circumstantial evidence rule.

R. M. Helton, Wichita Falls (Court appointed on appeal) for appellant.

Jim Phagan, Dist. Atty., Wichita Falls, and Jim D. Vollers, State's Atty., Austin, for the State.

It was shown that appellant and Mrs. Lane were arrested on arrest warrants at Mrs. Lane's apartment that night. Appellant was in bed. They were both taken to the police station. The next morning, Mrs. Lane executed a written consent for the officers to search her apartment and together with her brother and her sister-in-law, she accompanied the officers who made the search where they recovered the 11 twenty-dollar bills of which appellant complains. (Assuming without deciding that appellant had "standing" to question the search made the following day when he

## OPINION

MORRISON, Judge.

The offense is robbery by assault, enhanced by two prior non-capital convictions alleged for enhancement; the punishment, life.

This is an out of time appeal, authorized by the order of this Court dated June 17, 1970.

was not present, we proceed to discuss appellant's contentions.)

■ Appellant's first contention is that Mrs. Lane did not have the authority to consent to a search of the apartment. The officer testified that it was her apartment, that her clothes were there, and that she changed clothes in the apartment. Appellant does not contest the allegation that it was Mrs. Lane's residence; he contends that, as Mrs. Lane was not shown to be the appellant's wife, that she could not consent to the search and thus waive appellant's Fourth Amendment rights. In Gurleski v. United States, 405 F.2d 253 (5th Cir. 1968) cert. den. 395 U.S. 981, 89 S.Ct. 2140, 23 L.Ed.2d 769, a search was made of an automobile under the joint control of the appellant and the woman with whom he was living, on the authority of the woman's written and oral consent to the search. The search was upheld, and the court said:

"We subscribe to the view that 'where two persons have equal rights to the use or occupation of premises, either may give consent to a search, and the evidence thus disclosed can be used against either.' United States v. Sferas, 210 F.2d 69, 74 (7 Cir. 1954), cert. den. Skally v. United States, 347 U.S. 935, 74 S.Ct. 630, 98 L.Ed. 1086."

In Jefferson v. State, 452 S.W.2d 462, this Court upheld the authority of the appellant's sister to consent to a search of the automobile which he had been driving, as she was in possession of the vehicle at the time of the search. Also see United States v. Airdo, 380 F.2d 103 (7th Cir. 1967), cert. den. 389 U.S. 913, 88 S.Ct. 238, 19 L.Ed.2d 260, which involved a search consented to by the appellant's paramour.

■ Appellant contends that, even if Mrs. Lane had the power to consent to the search, the State was erroneously permitted to prove her consent by hearsay and in violation of the appellant's Sixth Amendment right to confrontation, by allowing the State to prove Mrs. Lane's consent through the testimony of the officer who searched the apartment and by introducing her written consent into evidence. We overrule such contention.

Reliance is had upon Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed. 2d 934. In Douglas, his co-defendant was placed on the stand by the State and required to claim his privilege of self incrimination on repeated occasions and was questioned from a written statement made by him.

There the Court said "the primary object of the constitutional provision in question was to prevent depositions * * * being used in lieu of personal examination and cross-examination of the witness. * * *"

Appellant also relies upon Kirby v. United States, 174 U.S. 47, 19 S.Ct. 574, 43 L.Ed. 890. In that case, the government relied upon the guilty verdict of the thieves to show that accused knowingly received stolen property rather than offering proof as to the thefts.

We have concluded that neither case is here controlling. In none of the cases which we have been able to find in which the consent to search was given by one other than the accused have we found the above contentions advanced. In the normal case, the consent is given by the wife or the common law wife, who would not be available to the State.[1]

Finding no reversible error, the judgment is affirmed.

---

1. In Gurleski, supra, the consent was proven by the testimony of the officer making the search.