**Larry Odell LASITER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 46249–46252.**

Court of Criminal Appeals of Texas.

June 20, 1973.

Melvyn Carson Bruder and Barry Helft, Dallas (both Court appointed), for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

These are appeals from two convictions in Causes Nos. 46,249 and 46,250 for the offense of possession of marihuana; in Cause No. 46,251 for the delivery of amphetamine, and in Cause No. 46,252 for the sale of amphetamine. These cases were tried jointly before a jury. The court assessed the punishment in each case at ten years to run concurrently.

Appellant's sole ground of error in the first case for possession of marihuana is that the evidence is insufficient to support the conviction.

The record reflects that Officers J. B. Jones and Roy Martin of the Dallas police department, while on routine patrol on December 14, 1971, observed a Volkswagen "going around in circles in the middle of the street." Suspecting that the driver of the vehicle was intoxicated, the officers followed the car as it started back down the street, observing that the car was weaving and nearly colliding into parked cars. Officer Jones testified that Officer Martin turned on his red light but that the vehicle proceeded down two long city blocks and had turned onto Brown Street before stopping. Officer Jones asked the driver to open the door or roll down the window, which initially he refused to do. After observing a towel being passed from the driver to the passenger, Officer Jones walked to the other side of the car. He noticed that the appellant (the passenger) was stuffing something into his mouth. At Officer Jones' request, the appellant got out of the automobile. As he got out, he dropped a towel to the floorboard of the car and Offficer Jones noticed something fall to the pavement. He then reached down and picked up the object and saw that it was a marihuana cigarette. Officer Jones then picked up the towel from the floorboard of the automobile and found another marihuana cigarette inside it.

On December 29, 1971, Officer Richard Irwin, operating as an undercover agent, went to appellant's apartment to negotiate an unrelated drug transaction.[1] While Irwin was in the apartment, the appellant told him that on December 14, 1971, he had eaten ten grams of amphetamine when he was stopped by Officer Jones and stated that the towel had contained one or two marihuana cigarettes.

We hold that the evidence is sufficient to support the conviction in Cause No. 46,249.

In the second case for possession of marihuana, shown to have been committed some two months after the offense in the first case, complaint is made that the search of the automobile which appellant had been driving shortly before his arrest was illegal.

■ Appellant argues that the search was illegal because the automobile was not described in the warrant issued for the search of appellant's apartment. The record shows that Detective Donald Robertson of the Mesquite police department was, by virtue of a warrant, searching appellant's apartment when a vehicle drove up into the parking lot. Robertson then observed the appellant Larry Lasiter and a female occupant, Patricia Wadell, in the vehicle with him. He observed the appellant and Miss Wadell get out of the car, lock the vehicle, and then appellant handed the keys to Miss Wadell. Both appellant and Miss Wadell then went up the steps and approached the apartment door. As they came in the apartment a search was conducted of appellant and a .38 Chief Special revolver was taken from the waist-band of his trousers by Officer Thompson. Upon questioning the appellant and Miss Wadell both denied owning or knowing who owned the vehicle. It was not registered in appellant's name. Detective Robertson then testified that the girl gave her permission for a search of the automobile and handed him the keys to the vehicle. A packet containing 10.52 grams of marihuana and a packet containing 121.52 grams of amphetamine were found in the glove box of the vehicle.

In Jefferson v. State, Tex.Cr.App., 452 S.W.2d 462, the sister of the defendant was alone in the car when she gave consent for the search and, even though the sister did not have title to the car, it did not render the consent of the search void. See Boatright v. State, Tex.Cr.App., 472 S.W.2d 765.

■ We hold that the trial court had sufficient evidence to conclude that Miss Wadell consented to the search of the vehicle and that the search was not illegal.

■ In the sale of amphetamine case, the appellant contends that entrapment is shown. The court's charge, to which no objection was made, did not instruct on entrapment. Entrapment as a matter of law has not been shown. The appellant did not testify and did not establish the defense of entrapment. The evidence in this case shows that the officers only gave the appellant an opportunity to make sales.

The case involving possession of amphetamine does not present error.

No reversible error has been shown. The judgment in each case is affirmed.

1. This resulted in Causes Nos. 46,251 and 46,252.