**Claudell WILLIAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47469.**

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Daniel H. Benson, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., and Dickey Grigg, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This appeal is from a conviction for the offense of murder with malice; the punishment assessed by the jury is confinement in the penitentiary for life.

In three grounds of error the appellant challenges the admission into evidence by the trial court of, first, photographs of the deceased, being gruesome and bloody; second, heavily blood-stained clothing of deceased; and, third, a pair of boots taken from appellant at the time of his arrest and various items of clothing seized from appellant's residence under color of consent given by his cotenant.

The appellant in his only other ground of error contends the evidence was insufficient to support the conviction.

The record reflects on November 4, 1972, the Lubbock Police answered a burglary call at the Cotton Oil Mill in Lubbock. Several coin operated machines had been broken into and the night watchman, Joseph Moore, was missing. After a search, Moore's body was found leaning against a fence in the mill yard. He had been bludgeoned to death.

The testimony established appellant, co-worker with the deceased, had worked a 3:00 P.M. to 11:00 P.M. shift on November 3, 1972. At some time probably between 6:00 P.M. and 7:00 P.M., the appellant had left the mill prior to the completion of his shift. He was seen in a cafe sometime before midnight; he left the cafe but returned between 12:00 P.M. and 1:00 A.M. The second time in the cafe, appellant's pockets bulged with change.

A time clock indicated the deceased had made his regular rounds at 11:00 P.M. and at midnight, on the night in question. Footprints at the scene of the killing and at the place of the break-in resembled prints made by boots that were taken from the appellant at the time of his arrest. Appellant left the mill when the police went to check boots of the employees and on two subsequent occasions ran from the police.

The evidence further showed that a crowbar with type B blood on it was found at the scene. The shirt seized from appellant's dwelling with the name "Williams" and the name "Lubbock Cotton Oil Mill" had type B blood on it and pieces of human flesh. Blood and flesh were found on appellant's boots. It was stipulated appellant's blood was type A positive.

■ The photographs of which appellant complains are in black and white.

They depict the deceased's body as it was found leaning against a fence in the mill yard. The photographs were properly authenticated as being fair and accurate representations of the scene which they depict.

Appellant's first ground of error has been resolved by this Court in Martin v. State, 475 S.W.2d 265 (Tex.Cr.App.1972) where it is stated:

"We hold that if a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible . . . . The former rule in this state, that gruesome photographs are not admissible unless they tend to solve a disputed fact issue as discussed in Burns v. State, 388 S.W.2d 690 (Tex.Cr.App.1965) is hereby overruled to the extent of any conflict with this decision."

■ This is a circumstantial evidence case. No test was made to determine the blood type of the deceased. The pathologist testified the blood on the clothing of the deceased was type B and in all reasonable medical probability was that of the deceased. The deceased's clothing helped to establish his blood type. The clothing of the appellant was spotted with type B human blood.

Presiding Judge Onion speaking for this Court in Brown v. State, 475 S.W.2d 938 (Tex.Cr.App.1971) stated:

"While the general rule is in favor of exclusion, the exception which allows the introduction of bloody clothing may be based upon any ground of relevancy, Hunter v. State, 161 Tex.Cr.R. 225, 275 S.W.2d 803. Much discretion must nec-

essarily rest in the trial judge. Cf. Burns v. Beto, 5th Cir., 371 F.2d 598.

" 'When the evidence is wholly circumstantial every fact and circumstance reasonably calculated to illuminate the transaction should be permitted to go to and be weighed by the jury.' 4 Branch's Ann.P.C., 2d Ed., Sec. 2048, p. 357."

We held in Harrison v. State, 501 S.W.2d 668 (1973), that if the bloody clothing is relevant and could be testified about verbally, it is proper to admit the same before the jury.

The second ground of error is overruled.

■ The complaint concerning the admission of various items of clothing seized from appellant's residence under color of consent given by his cotenant is without merit. This contention has been answered adversely to the appellant by this Court in Powers v. State, 459 S.W.2d 847 (Tex.Cr.App.1970) where the Court followed Gurleski v. United States, 405 F.2d 253 (5th Cir. 1968), cert. den., 395 U.S. 981, 89 S. Ct. 2140, 23 L.Ed.2d 769, where it said:

" 'We subscribe to the view that "where two persons have equal rights to the use or occupation of premises, either may give consent to a search, and the evidence thus disclosed can be used against either." United States v. Sferas, 210 F.2d 69, 74 (7 Cir. 1954), cert. den. Skally v. United States, 347 U.S. 935, 74 S.Ct. 630, 98 L.Ed. 1086.' "

■ The appellant not having briefed the alleged error of the admission of the boots presents nothing for review. Leonard v. State, 481 S.W.2d 117 (Tex.Cr.App. 1972); Carnes v. State, 478 S.W.2d 940 (Tex.Cr.App.1972).

The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.