**Acevedo L. RODRIQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48409.**

Court of Criminal Appeals of Texas.

May 8, 1974.

Rehearing Denied May 29, 1974.

**320**

---

Frank Roberts, Killeen, for appellant.

Joe Carroll, Dist. Atty. and Troy C. Hurley, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

On a plea of guilty before the court to possession of heroin, a narcotic drug, appellant was assessed six (6) years.

No attack is made upon the sufficiency of the evidence, which included a judicial confession and the testimony of appellant that he possessed heroin as alleged.

The primary contention of appellant is that he should have been allowed to withdraw his plea of guilty, as prayed for by him, because he says the plea of guilty was involuntary in that his attorney and the assistant district attorney had a prior agreement that if he plead guilty the prosecutor would recommend to the court that the punishment should be 4 years, when, in fact, the recommendation was for 10 years and the punishment assessed was 6 years. He relies principally upon Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427.

We must disagree with this contention because there was evidence before the trial court on motion for new trial to justify the implied finding that no such agreement upon plea bargaining was made between appellant's retained counsel and the assistant district attorney, and hence no error is shown.

On the motion for new trial, appellant's attorney put his affidavit in evidence, without objection by the State, the gist of which was:

"That the State of Texas, through the above mentioned Assistant District Attorneys, agreed to recommend four (4) year's confinement in the Texas Department of Corrections for a Plea of Guilty by the defendant, Acevedo L. Rodriquez, to a charge of Possessin of Heroin."

The assistant district attorney involved testified before the court, the substance of which is shown by the following quotation:

"As I understand plea bargaining it can not work unless there is both an offer and an acceptance, not unlike a civil contract. If there is no full acceptance then there is no contract. If it were to work in any other way, then the State would make its offer and then the defendant could refuse to plea to that, and would be able to shop around for a better deal, and yet the State would be bound by its original offer. It is my understanding of plea bargaining that this was not the way it was intended to work.

"This was not my intention in this case.

I agreed to make one offer for a plea of guilty with Mr. Roberts. *He informed me that they could not accept this offer;* that they would still plead guilty, but they would make a plea for probation. (Emphasis Added)

"At the time of the plea, Mr. Roberts did offer evidence in a plea for probation from the court, and I as attorney for the State, did make a recommendation to the court that was in execess (sic) of what I had originally offered Mr. Roberts. I did this because I felt

that I was not bound by that recommendation. Then the court, in passing sentence, passed a sentence that was for a number of years that was in between my offer to Mr. Roberts and my recommendation to the court."

It is clear from the above evidence that there was an issue of fact to be decided by the trial court as to whether an agreement was reached. If there was no agreement, there could be no breach of duty. The evidence of the assistant district attorney clearly shows that his offer was rejected and no bargain was struck. The trial court had the right to accept his version of the occurrences in the plea bargain attempt, and we will not upset his decision. Connaughton v. State, 164 Tex.Cr.R. 158, 297 S.W.2d 185; Berry v. State, 159 Tex. Cr.R. 492, 265 S.W.2d 86; Williams v. State, Tex.Cr.App., 487 S.W.2d 363; Kirven v. State, Tex.Cr.App., 492 S.W.2d 468; Miles v. State, Tex.Cr.App., 501 S.W.2d 91.

In connection with the admonishments required by Art. 26.13, Vernon's Ann.C.C. P., the appellant told the court that he was pleading guilty because he was guilty and for no other reason, that no promises had been made to him, that he understood that in all probability the court would find him guilty and that the punishment would be any term not less than two years or life in the Department of Corrections, and that even if the State may recommend punishment the court was not bound thereby, even though it would be considered.

Upon the hearing of the motion for new trial, appellant's affidavit was placed in evidence in which he stated that prior to his plea of guilty his attorney had advised him that the assistant district attorney had agreed to recommend 4 years, and that he would not have plead guilty but for that fact.

■ The actions and advice of his retained counsel could not be imputed to the State. Kincaid v. State, Tex.Cr.App., 500 S.W.2d 487, and cases cited therein.

We overrule the first ground of error.

■ Next, appellant seeks reversal because his good reputation witnesses were asked over his objection at the hearing on punishment before the court if the fact that he had plead guilty and been convicted in the case on trial would affect their testimony as to his good reputation.

The trial court remarked that he did not think this was the law, but permitted the questions. His opinion was correct. See Wright v. State, Tex.Cr.App., 491 S.W.2d 936, where it is said:

"It is still improper to permit a witness to testify that a defendant's general reputation for being a peaceable law-abiding citizen is bad based upon the offense for which he is being tried. Stephens v. State, 128 Tex.Cr.R. 531 [311] 80 S.W. 2d 980 (1935); Broadway v. State, supra [Tex.Cr.App., 418 S.W.2d 679] (concurring opinion); Wilson v. State, 434 S.W.2d 873 (Tex.Cr.App. 1968) and Frison v. State, supra [Tex.Cr.App., 473 S.W.2d 479] It is also improper to test the knowledge of a witness who has testified to the good reputation of a defendant for being a peaceable, law-abiding citizen by asking 'have you heard' questions concerning the alleged offense for which he is being tried."

■ However, since the court indicated by his remark that he considered the questions impermissible, and the presumption is that the court did not consider inadmissible evidence, these questions and answers were harmless. Rodriguez v. State, Tex.Cr. App., 442 S.W.2d 376; Hattersley v. State, Tex.Cr.App., 487 S.W.2d 354; Flowers v. State, Tex.Cr.App., 482 S.W.2d 268.

Ground of error number two is overruled.

The judgment is affirmed.

Opinion approved by the Court.