Kenneth Earl SWINNEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 50340.

Court of Criminal Appeals of Texas.

Nov. 5, 1975.

Malcolm Dade (Court-Appointed), Melvin C. Bruder (Court-Appointed on appeal), Dallas, for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

Appellant was convicted by a jury of assault with intent to commit rape. The jury assessed punishment at 75 years in the Texas Department of Corrections.

The sufficiency of the evidence is not challenged. The record reflects that late in the afternoon of February 10, 1969 a man identified as the appellant entered the complainant's apartment, assaulted the complaining witness and then attempted to rape her. After leaving the complaining witness' apartment the appellant was seen by two other residents of the same apartment complex. One, Jim Brownell, gave chase and obtained a description of the car in which the assailant left the scene. He also noted the license number and gave it to the police.

On February 11, 1969, Dallas Police Officer R. M. Sims made a check of the license number reported to the police. This check showed the car in question to be registered to Bobbie Swinney, the wife of the appellant herein. After securing an arrest warrant for an unnamed white male, Sims and his partner went to the home of the appellant. At about the time the officers arrived the appellant drove up in his wife's car. The appellant was placed under arrest by the officers after he identified himself to them. At this point the appellant's wife came out of the house and approached the officers. The appellant was placed in the squad car with one of the officers. Officer Sims asked the appellant's wife for permission to search the house. Appellant's wife consented and escorted the officer through the house. Sims then asked the appellant's wife for permission to search her car in which the appellant had driven to the house before his arrest. Appellant's wife consented to the search. The search of the car revealed a pair of gloves that were introduced into evidence at the appellant's trial.

Appellant's first ground of error is that the trial court erred in admitting into evidence the gloves that were found in the car that he had been driving prior to his arrest.

Appellant contends in his original brief and in his second supplemental brief that the consent given by his wife was ineffective to waive his Fourth Amendment rights. He contends that the solicitation of consent to search the car was a subterfuge designed to by-pass the appellant's right to refuse permission to search without a warrant being obtained. During the oral argument of this case and in his second supplemental brief appellant makes clear that his contention does not turn on the husband-wife relationship.

■ It is clearly established in Texas that third parties have authority to consent to a search when they have equal control over and equal use of the premises being searched. *Nelson v. State*, 511 S.W.2d 18 (Tex.Cr.App.1974); *Swift v. State*, 509 S.W.2d 586 (Tex.Cr.App.1974); *Williams v. State*, 502 S.W.2d 130 (Tex.Cr.App.1973); *Lowery v. State*, 499 S.W.2d 160 (Tex.Cr.App.1973); *Jemmerson v. State*, 482 S.W.2d 201 (Tex.Cr.App.1972); *Potter v. State*, 481 S.W.2d 101 (Tex.Cr.App.1972); *Sorensen v.*

*State*, 478 S.W.2d 532 (Tex.Cr.App.1972); *Powers v. State*, 459 S.W.2d 847 (Tex.Cr. App.1970); *Jefferson v. State*, 452 S.W.2d 462 (Tex.Cr.App.1970).

■ The appellant's contention seems to be grounded on the proposition that the wife cannot give a valid consent to search an area over which she has at least equal control when the husband is present. Appellant cites no cases directly supporting this proposition. The case of *Paprskar v. State*, 484 S.W.2d 731 (Tex.Cr.App.1972) is cited by the appellant for inferentially supporting his position. This Court in *Paprskar v. State*, supra, expressly declined to pass on this point since the Court found that the wife's consent was coerced.

In *Sorensen v. State*, supra, this Court upheld a search for marihuana consented to by the defendant's parents *when he was present*, saying:

"Appellant had no 'reasonable expectation of privacy' in this particular 'area.' His mother had a right to be where the marihuana was found, she could consent to a search of that area, and her consent would vitiate the need for any search warrant and would be binding upon anyone having rights in that 'area.' See *Frazier v. Cupp*, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969)."

See also *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974).

■ The appellant also argues that his wife's consent is not shown to have been freely given. Whether the appellant's wife freely and voluntarily consented to the search must be determined from the record as a whole. The record reflects that when the appellant's wife was asked if the search was conducted with her full consent, permission and authority, she answered, "Yes, I didn't have anything to hide from them." We have examined the record and find that it supports the contention that consent to search was freely and voluntarily given. Cf. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

Appellant's first ground of error is overruled.

■ Appellant's second ground of error is that the trial court improperly placed the burden of proof in its charge to the jury concerning the alibi defense.

The court instructed the jury on the alibi defense as follows:

"You are instructed that a defense of alibi is that, if an offense was committed, as alleged, that the defendant was, at the time of the commission thereof, if any, at another and different place from that at which such offense was committed, if it was, and therefore was not and could not have been the person who committed the same, if any.

"Now, if the evidence raises in your mind a reasonable doubt as to the presence of the defendant at the place where the offense was committed, if any was committed, at the time of the commission thereof, if any, you will find the defendant not guilty."

The charge given in this cause is substantially the same as that found in 2 Willson's, *Texas Criminal Forms*, Sec. 3569 (W. Morrison & T. Blackwell Eds. 1966), 1 *Branch's Ann. Penal Code* (2d Ed.), Sec. 74.5 (1956), and *Texas Criminal Pattern Jury Charges*, CPJC 0.03 (1975). The charge informs the jury that if the evidence raises a reasonable doubt as to the appellant's presence at the place where the alleged crime took place they should find the appellant not guilty.

Appellant's second ground of error is overruled.

■ In a supplemental brief filed on May 21, 1975, appellant raises for the first time three supplemental grounds of error. Appellant first contends that the trial court should have "sua sponte" granted a motion for new trial when it discovered that the record on appeal was inaccurate. The trial court has held two subsequent hearings in this case to resolve questions relating to the accuracy of the record on appeal. The

records of these hearings are before us and we have examined them along with the trial court's findings of fact and conclusions of law. The record in this case has been corrected, and, therefore, any original complaint is now moot.

In his second supplemental ground of error the appellant contends that the prosecution committed improper jury argument during the punishment stage of the trial. At the hearing to correct the record the court reporter testified that no arguments were made during the punishment stage of the trial. The prosecutor also testified at the hearing to correct the record and stated that he waived jury argument. The appellant took the stand and contended that the improper argument was, in fact, made to the jury. The corrected record contains no jury arguments. Nothing is presented for review.

Appellant's third supplemental ground of error complains of the improper cross-examination of the appellant's wife. The complained of questions are not in the record before us. The only indication that the complained of question was even asked is the appellant's testimony at the hearing to correct the record. The trial court found that the record was, in fact, complete and that the alleged question was not, in fact, asked. The trial court made the following statement in its findings of fact: "The Court knows of its own knowledge that this testimony of Petitioner is untrue. There are no missing pages and if the prosecution had attempted the improper impeachment Petitioner alleges this Court would certainly have sustained an objection." Appellant's third supplemental ground of error is totally without merit.

Appellant has also filed a pro se supplemental brief which we have examined and find to be repetitious of the first supplemental brief filed by appellant's counsel.

It must be noted that a delay of over five years has taken place since the time the appellant was tried. However, the record indicates that the greater part of this delay has been the result of the appellant's actions which appear to have been deliberately calculated to prevent an orderly appeal of this case.

The judgment is affirmed.

Opinion approved by the Court.

DOUGLAS, J., not participating.