Domingo Acosta CASTANEDA,
Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00304–CR.

Court of Appeals of Texas,
San Antonio.

April 20, 1983.

James V. Mazuca, San Antonio, for appellant.

Bill White, Dist. Atty., Bill Harris, Steven C. Hilbig, Edward Shaughnessy, Asst. Dist. Attys., San Antonio, for appellee.

Before BUTTS, REEVES and TIJERINA, JJ.

OPINION

TIJERINA, Justice.

This is an appeal from a conviction for burglary of a habitation (habitual). The jury found appellant guilty as charged and thereafter the trial court found the enhancement counts were "true" and assessed punishment at confinement for life in the Texas Department of Corrections. Appellant's sole ground of error contends that the

trial court erred in overruling his motion to suppress. We affirm.

The testimony at the hearing on the motion to suppress established that a neighbor called the police to report a burglary in progress at 2020 Lamanda Street. Upon arrival at the location of the reported burglary, the police officers were flagged down by a witness who reported seeing two male subjects crouched down, running and carrying what appeared to be rifles into a waiting car. The witness provided the police officers with a description of the automobile and license plate number. Thereafter, the police confirmed the burglary and obtained the name and address of the appellant as registered owner of the reported vehicle. Appellant was arrested while driving the vehicle in question, and told the police that the rifles were in the trunk and the rest were at his house. Subsequently, Maria Sauceda, appellant's common-law wife, signed a consent to search form authorizing the officers to search their residence at 336 Brady. Sauceda pointed out a trash bag in the hall closet containing some rifles and a guitar. The record reflects that the trial court made findings of fact as follows:

## FINDINGS OF FACTS

THE COURT: The Court finds that the officers have probable cause to stop the vehicle occupied by the Defendant. The Court finds as a matter of fact and law that the arrest of the Defendant's apprehension was lawful.

The statement of the Defendant that, 'Some of the rifles are in the trunk and the rest are in the house' was a statement which contained assertions of facts or circumstances that were found to be true which conduced to establish the guilt of the Defendant, to-wit, the finding of stolen property.

And the statement is therefore admissible. The property recovered from 336 Brady, the Court finds as a matter of fact that it was obtained by virtue of a voluntarily executed consent to search form and therefore is admissible, and the Motion to Suppress is overruled.

The evidence shows that police officers responding to a report of a burglary in progress were provided with the description and license number of the vehicle used in the burglary. Further investigation confirmed the burglary, theft of some rifles and the name of appellant as the owner of the vehicle. The suspect vehicle was stopped on Zarzamora Street and appellant, the driver, was placed under arrest. After appellant was read his rights, he made a voluntary statement saying that some of the rifles were in the trunk and the rest in the house. Appellant testified at the motion to suppress hearing, stating:

Q: Did you give them permission to search your apartment?

A: No, sir. I just told my wife to give them the guitar and the other rifle. I never gave nobody permission to search anything.

We conclude that the police officers had probable cause to stop the vehicle and arrest appellant without a warrant of arrest. The test for probable cause for an arrest without warrant is whether at that moment the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense. *Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Williams v. State,* 621 S.W.2d 609 (Tex.Cr.App.1981). If probable cause for the arrest is present, the right to search without warrant is not to be doubted. *Agnello v. United States,* 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925). In Texas, a peace officer is authorized to make an arrest without a warrant under the provisions of Tex.Code Crim.Proc.Ann. art. 14.04 (Vernon 1977):

Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused.

Additionally, appellant's voluntary statement at the moment of his arrest: "Some of the rifles are in the trunk, the rest are in the house," was found to be true and led to the discovery of the fruits of the crime. The United States Supreme Court recognizes that one of the established exceptions to the warrant requirement in the search of an automobile is the presence of exigent circumstances. *See Texas v. White,* 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975); *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Thus, we find that there was a showing of probable cause for the search of appellant's vehicle based on exigent circumstances and appellant's voluntary statement.

Lastly, we conclude that the search of appellant's apartment and seizure of evidence was made pursuant to a voluntarily executed consent to search form. A wife who has joint control may consent to a search of the house or car, even when the husband is present. *See Frazier v. Cupp,* 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969) (where the United States Supreme Court upheld a consent to search a duffle bag given by defendant's cousin who had joint control over the item searched). *See also Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Swinney v. State,* 529 S.W.2d 70 (Tex.Cr. App.1975); *Sorensen v. State,* 478 S.W.2d 532 (Tex.Cr.App.1972).

The records reflect that Maria Sauceda, appellant's common-law wife, signed the consent to search form without coercion and subsequently told the officers that the other rifle and guitar were in a trash bag in a hall closet. We conclude that the State established by clear and convincing evidence that the consent to search form was freely and voluntarily executed. *See Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968).

The judgment of the trial court is affirmed.