NO. 12-01-00105-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ANDRE GLENN,
§
 APPEAL FROM THE SECOND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 CHEROKEE COUNTY, TEXAS

 

 Andre Glenn ("Appellant") appeals from the trial court's order revoking his probation and
sentencing him to ten years of confinement. In four issues, Appellant complains that the order
incorrectly states he was found guilty of a second degree felony, the trial court erred in assessing a
sentence in excess of the prosecutor's recommendation, the trial court erred in failing to find him
competent to enter a plea of true, and the evidence is factually insufficient to support the revocation. 
We modify the trial court's order to reflect that the offense Appellant was convicted of was a third
degree felony and that the trial court made a deadly weapon finding. We affirm the order as
modified.

Background

 Appellant was indicted for aggravated assault committed on March 6, 1994. Pursuant to a
plea bargain agreement, he pleaded guilty in exchange for deferred adjudication probation. A year
later, Appellant pleaded true to the allegations in the State's motion to revoke probation. The trial
court entered an order adjudicating guilt and sentenced Appellant to ten years of imprisonment,
probated for ten years. About a year-and-a-half later, the trial court revoked his probation and
sentenced him to ten years of imprisonment, including placement in the state boot camp program. 
After Appellant successfully completed boot camp, the trial court again placed him on probation. 
Finally, almost seven years after the commission of the offense, the trial court revoked Appellant's
probation and sentenced him to ten years of imprisonment.

Variance

 In his first issue, Appellant contends there is a fatal variance between the order revoking his
probation and the judgment adjudicating guilt. Specifically, he complains that the judgment
adjudicating his guilt recites that he was found guilty of a third degree felony while the order
revoking probation indicates he was found guilty of committing a second degree felony.

 In violation of penal code section 22.02, Appellant committed aggravated assault on March
6, 1994. Although previously aggravated assault was a third degree felony, the legislature amended
section 22.02 in 1993 making an offense under that section a second degree felony. Act of May 27,
1993, 73d Leg., ch. 900, § 1.01, sec. 22.02, 1993 Tex. Gen. Laws 3589, 3622 (now codified at Tex.
Pen. Code Ann. § 22.02 (Vernon 1994)). However, that amendment did not take effect until
September 1, 1994. Act of May 27, 1993, 73d Leg., R.S., ch. 900, § 1.19(a), 1993 Tex. Gen. Laws.
3589, 3708. The prior law applies to all offenses committed before September 1, 1994. Act of May
27, 1993, 73d Leg., R.S., ch. 900, § 1.18, 1993 Tex. Gen. Laws 3589, 3708. Accordingly, at the time
Appellant committed the offense, March 6, 1994, it was punishable as a third degree felony. The
punishment range for a third degree felony is imprisonment for a term of not more than ten years and
not less than two years and a fine of up to $10,000.00. Tex. Pen. Code Ann. § 12.34 (Vernon
1994).

 While the revocation order identifies the offense as a second degree felony, Appellant was
actually convicted of a third degree felony. However, the sentence imposed, ten years of
imprisonment, is within the range of punishment for a third degree felony. See id. The error is a
clerical error which did not harm Appellant. An appellate court may modify a judgment to correct
a mere clerical error. Asberry v. State, 813 S.W.2d 526, 529-30 (Tex. App.- Dallas 1991, pet. ref'd). 
Accordingly, the judgment is modified to identify the offense as a "THIRD" degree felony rather
than a "SECOND" degree felony. As the variance between the order adjudicating his guilt and the
order revoking his probation is not fatal, we overrule Appellant's first issue.

The Sentence

 In his second issue, Appellant contends the trial court abused its discretion in sentencing him
to a term that exceeds the State's recommendation of a six-year term of confinement. He asserts that
he intended to enter into a plea agreement for a six-year term upon the revocation of his most recent
probation. He argues that the imposition of a greater sentence resulted in prejudice. Finally, he
argues that, pursuant to code of criminal procedure article 26.13(a)(2), because the court rejected the
agreement, he should have been given the opportunity to withdraw his plea of true to the allegations
in the motion to revoke probation.

 A promise or agreement by the prosecutor must be enforced if it induced or is consideration
for the defendant's plea. Santobello v. New York, 404 U.S. 257, 262, 92 S. Ct. 495, 599, 30 L. Ed.
2d 427 (1971). Accordingly, to address Appellant's issue, we must first determine if there was a plea
bargain agreement as the trial court cannot be expected to enforce that which does not exist.

 Appellant does not definitively assert that there was a plea bargain at this juncture, but merely
that he intended to enter into a plea bargain. At the hearing, Appellant said he was pleading true to
the allegations in the State's motion only because they are true and for no other reason. The State
recommended a six-year term and Appellant's attorney said, "We would join in that
recommendation." There was no mention of a plea bargain at the hearing. The record does not
include plea papers in connection with this motion to revoke. The order revoking probation makes
no mention of a plea bargain. Further, Appellant did not complain at the time of sentencing or in
a motion for new trial that the trial court failed to follow a plea bargain. In short, the record does not
even hint at the existence of a plea bargain agreement. Therefore, the trial court was not required
to assess a six-year term of imprisonment. See Rodriquez v. State, 509 S.W.2d 319, 320-21 (Tex.
Crim. App. 1974) (trial court's six-year sentence not improper where there was no agreement, but
only discussion of a four-year term of imprisonment).

 Further, in addition to the fact that no agreement existed, code of criminal procedure article
26.13 does not apply to pleas to a motion to revoke probation following conviction. Harris v. State,
505 S.W.2d 576, 578 (Tex. Crim. App. 1974). Therefore, that statute cannot provide a basis for
Appellant to withdraw his plea.

 We review a sentence imposed by the trial court under an abuse of discretion standard. See
Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). As a general rule, a penalty
assessed within the proper punishment range will not be disturbed on appeal. Id. If a defendant
pleads guilty in exchange for the prosecution's recommendation that he receive deferred
adjudication, a trial court does not exceed that recommendation if he later assesses any punishment
within the range allowed by law upon proceeding to adjudication. Vidaurri v. State, 49 S.W.3d 880,
885 (Tex. Crim. App. 2001). The ten-year term, which is within the punishment range for a third
degree felony, is appropriate. Jackson, 680 S.W.2d at 814. The trial court did not abuse its
discretion in sentencing Appellant to a term of imprisonment for ten years. We overrule Appellant's
second issue.

Mental Competence

 In his third issue, Appellant asserts that the trial court erred in failing to find that he was
mentally competent to enter a plea of true to the State's application for revocation. Citing code of
criminal procedure article 26.13(b), Appellant argues that a plea of true to an application for
revocation has the same effect as a plea of guilty and, therefore, the trial court abused its discretion
by accepting his plea of true without making a determination of whether he was competent to enter
the plea.

 As explained above, article 26.13 does not apply to probation revocation proceedings. 
Harris, 505 S.W.2d at 578. Even if the statute applied, a trial court need not inquire into the
competence of the defendant unless the issue is raised at the time of the plea. Kuyava v. State, 538
S.W.2d 627, 628 (Tex. Crim. App. 1976). No issue as to Appellant's mental competence was raised
at the probation revocation hearing. Further, the order revoking probation recites that it appeared
to the trial court that Appellant was mentally competent and understood the proceeding. We overrule
Appellant's third issue.

Factual Sufficiency

 In his fourth issue, Appellant contends the evidence is factually insufficient to support the
revocation. Appellant urges this court to apply the factual sufficiency standard of review set out in
Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996) to determine that there is no sworn,
adequate testimony or other evidence to support the revocation.

 As have other intermediate appellate courts, we decline to apply the Clewis factual
sufficiency review to the review of a revocation order. See Becker v. State, 33 S.W.3d 64, 66 (Tex.
App.- El Paso 2000, no pet.); Joseph v. State, 3 S.W.3d 627, 642 (Tex. App.- Houston [14th Dist.]
1999, no pet.); Johnson v. State, 2 S.W.3d 685, 687 (Tex. App.- Fort Worth 1999, no pet). 
Examination of the revocation order for factually sufficient evidence is inappropriate given the trial
court's wide discretion and the unique nature of probation revocation proceedings. Becker, 33
S.W.3d at 66.

 Appellate review of an order revoking probation is limited to determining whether the trial
court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The
sufficiency of the evidence to sustain an order revoking probation cannot be challenged in the face
of a plea of true to the motion to revoke. Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App.
1979). A plea of true, standing alone, is sufficient to support the revocation of probation. Id. 
Accordingly, as Appellant entered a plea of true to the State's application for probation revocation,
he cannot now attack the sufficiency of the evidence to support the order of revocation. We overrule
Appellant's fourth issue.

Deadly Weapon

 Finally, we must address an error in the order noted by Appellant but not asserted as an issue
for our review. Appellant pleaded guilty to aggravated assault by shooting at an individual with a
firearm. When the trial court adjudicated guilt, it made a deadly weapon finding and entered it onto
the order adjudicating guilt and placing Appellant on community supervision. At the hearing on the
State's motion to revoke probation, the trial court orally pronounced a finding of use of a deadly
weapon. However, the order revoking probation reflects an entry of "-0-" in the space designated
for the deadly weapon finding.

 The code of criminal procedure requires that upon an affirmative finding that a deadly
weapon was used or exhibited, the trial court shall enter the finding in its judgment. Tex. Code
Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (Vernon Supp. 2002). Omission of the deadly weapon
finding from the judgment was a clerical error. Asberry, 813 S.W.2d at 530. This court has the
authority to, sua sponte, modify judgments to correct clerical errors when we have the necessary
information before us to do so. Id. at 529-30. Accordingly, we modify the trial court's order to
include an affirmative finding that Appellant used or exhibited a deadly weapon during the
commission of the offense. 

 As modified, we affirm the trial court's order of revocation.

 

 LEONARD DAVIS 

 Chief Justice



Opinion delivered March 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.































(DO NOT PUBLISH)