**Joseph David DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–91–00601–CR.**

Court of Appeals of Texas, Dallas.

April 29, 1992.

Rehearing Denied June 16, 1992.

Kerry P. Fitzgerald, Dallas, for appellant.

Anne B. Weatherhold, Dallas, for appellee.

Before BAKER, LAGARDE and KAPLAN, JJ.

## OPINION

BAKER, Justice.

A jury found appellant guilty of aggravated robbery. The jury assessed a twenty-three year sentence and a $10,000 fine. Appellant contends: (1) the evidence is insufficient to support his conviction; (2) he

did not have effective assistance of counsel during trial; (3) reversible error occurred when the State cross-examined his character witnesses; and (4) the trial court erred by allowing the State to introduce evidence of an extraneous offense. We overrule appellant's points of error. We affirm the trial court's judgment.

## THE ROBBERY

Early one morning in June 1988, two men robbed the Balch Springs K–Mart. The robbers held four K–Mart employees, including the manager, at gunpoint during the robbery.

After taking about $21,000, the robbers ran from the K–Mart and fled the scene in a cream colored Camaro. The Balch Springs police found the Camaro about four blocks from the K–Mart store. The police found fingerprints on the Camaro of a man identified as Gregory Collins.

A Balch Springs Police Department criminal investigator developed information leading to appellant and Greg Collins as the suspected robbers.

Ten months after the robbery, the Balch Springs police showed the K–Mart manager a photographic lineup of eight photographs. The manager selected appellant's photo as one of the two robbers.

Appellant was indicted in May 1989. Trial began in April 1991.

## PROCEDURAL HISTORY

At trial, appellant moved to suppress the manager's identification. The court held a hearing outside the jury's presence. The manager testified about the photographic lineup. The Balch Springs officer who showed the manager the photographic display also testified. The trial court denied appellant's motion to suppress.

At trial, the manager identified appellant as one of the men who robbed the K–Mart in June 1988. The three other K–Mart employees could not identify appellant as one of the two robbers. One of the other K–Mart employees identified a photograph of Greg Collins as the second robber. The evidence showed Greg Collins died in January 1990.

The defense called five of appellant's family members as witnesses. These witnesses testified appellant lived in Benton, Arkansas. These witnesses testified appellant was at home in Benton on the day of the K–Mart robbery in Dallas. These witnesses testified about activities that placed appellant in Arkansas on the day of and the day after the robbery. All the defense testimony corroborated the defensive theory that appellant was not one of the robbers.

The jury found appellant guilty. During punishment, appellant presented five character witnesses. The State cross-examined these character witnesses about their knowledge of appellant's involvement in the K–Mart robbery. The jury assessed a twenty-three year sentence and a $10,000 fine.

## GUILT/INNOCENCE PHASE OF THE TRIAL

### A. Sufficiency of the Evidence

#### 1. Appellant's Contentions

Appellant argues the evidence does not support a rational finding against appellant on the alibi issue beyond a reasonable doubt. He asserts his defensive evidence was not only strong but was overwhelming and undisputed. He contends the evidence supported his theory that he was with his wife and relatives in Arkansas on the day of the robbery.

#### 2. The State's Contentions

The State contends the manager's eyewitness identification of appellant is legally sufficient to support appellant's conviction. The State argues the credibility of appellant's alibi witnesses' testimony is for the jury's determination.

#### 3. Standard of Review

In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. We determine whether any rational trier of fact could have found the essential ele-

ments of the crime beyond a reasonable doubt. *Turner v. State*, 805 S.W.2d 423, 427 (Tex.Crim.App.), *cert. denied*, — U.S. —, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). The jury, as the factfinder, is the sole judge of the witnesses' credibility and the weight given their testimony. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App. 1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). The jury can accept or reject all or part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The jury need not believe even uncontroverted testimony. *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Crim.App. [Panel Op.] 1978).

### 4. Application of the Law to the Facts

■ The manager picked appellant's photograph from a photographic lineup about ten months after the armed robbery. At trial, the manager positively identified appellant as one of the two armed robbers. Appellant presented five witnesses who testified he was in Arkansas when the robbery occurred.

It was the jury's province to judge the witnesses' credibility and the weight to give their testimony. The jury was responsible for resolving or reconciling conflicting testimony. *Banks v. State*, 510 S.W.2d 592, 595 (Tex.Crim.App.1974). A complaint on appeal that the trier of fact accepted the State's version of what happened and rejected appellant's version is not a viable argument. *See Jackson v. State*, 672 S.W.2d 801, 804 (Tex.Crim.App.1984). The jury was free to reject all of the defensive evidence if it so chose, including uncontroverted evidence. *Johnson*, 571 S.W.2d at 173. We hold, after viewing the evidence in the light most favorable to the verdict, that any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. We overrule appellant's ninth point of error.

1. Appellant's point of error is multifarious because it combines federal and state constitutional claims in one point of error. *See Heitman v.*

### B. Ineffective Assistance of Counsel

#### 1. Appellant's Contentions

■ In his first point of error, appellant contends he did not receive effective assistance of counsel during the guilt/innocence phase of the trial in violation of both the federal and state constitutions.[1] Appellant's principal complaint is that his trial counsel, an assistant public defender, did not effectively cross-examine the State's witnesses.

Identity was the principal issue at trial. The manager identified appellant as one of the armed robbers in a photographic lineup ten months after the robbery, at the pretrial motion to suppress identification, and during trial. Appellant presented several witnesses to support his alibi that he was in Arkansas on the day of the robbery.

Appellant contends his trial counsel did not effectively cross-examine either the manager or the officer during the pretrial hearing on the suppression motion. He points out trial counsel asked the officer only two questions and asked the manager twenty-one questions. He then notes the record contains seventeen pages of direct examination of the manager while cross-examination is only three pages. Appellant further complains of minimal cross-examination of the State's other witnesses. Appellant submits the record shows his trial counsel was deficient in cross-examining the State's witnesses and that this deficiency substantially prejudiced his defense.

#### 2. The State's Response

The State argues appellant's complaints concern trial strategy. The State notes that its case consisted of one eyewitness who identified appellant as the robber. The defense theory was alibi. The defense presented several witnesses placing appellant in his home in Benton, Arkansas, when the robbery occurred in Dallas, Texas.

The State argues defense counsel's decision not to impeach the manager's in-court identification of appellant was a strategic

*State*, 815 S.W.2d 681, 690–91 n. 23 (Tex.Crim. App.1991); *Segura v. State*, 826 S.W.2d 178 (Tex.App.—Dallas 1992).

one. The State contends having done so would have opened the door to allow the State to offer the manager's prior out-of-court identification and to offer the officer's testimony of the manager's photographic identification. The State argues defense counsel's use of this strategy and presentation of several alibi witnesses allowed appellant to argue a reasonable doubt existed about the manager's identification.

### 3. Standard of Review

To show ineffective assistance of counsel during the guilt/innocence phase of a trial, a defendant must show his attorney's representation was deficient. A defendant also must show these deficiencies prejudiced his defense, depriving him of a fair and impartial trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Texas has adopted these same standards. *See Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim.App.1986). We judge whether a defendant has received adequate assistance of counsel by the totality of the representation instead of by isolated acts or omissions. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex.Crim.App.1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987).

The required showing of prejudice involves showing a reasonable probability that, but for counsel's errors, the result of the trial would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. We apply the standards at the time of trial without benefit of hindsight. We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *Carter v. State*, 702 S.W.2d 774, 776 (Tex.App.—Fort Worth 1986, pet. ref'd). The defendant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App. 1985).

### 4. Application of the Law to the Facts

Appellant complains his trial counsel did not effectively cross-examine the State's witnesses identifying him as one of the two armed robbers. Only one witness positively identified appellant as one of the two robbers. The defense theory was alibi. The defense carried this theme throughout the trial. From voir dire to final argument, defense counsel argued misidentification and alibi. Vigorously cross-examining one witness might have unduly focused the jury's attention on that witness's testimony. Doing so might have allowed the State to bolster the witness with the pretrial identification procedure. Trial counsel consistently argued that the manager was the only identifying witness and that all the other witnesses could not even come close to identifying anyone as the robber.

Counsel developed evidence that the State did not find appellant's fingerprints on the getaway car. Counsel called several alibi witnesses who testified appellant was in Arkansas when the robbery occurred. During jury argument, trial counsel vigorously argued misidentification and alibi. In our view, appellant has not carried his burden. When viewed in its entirety, with the proper degree of deference necessary to eliminate the distorting effects of hindsight, counsel's representation of appellant was reasonably effective. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *Ingham v. State*, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984). We overrule appellant's first point of error.

## PUNISHMENT PHASE OF TRIAL

### A. Improper Cross–Examination of Defense Character Witnesses

#### 1. Appellant's Contentions

In points of error three through seven, appellant contends the prosecutor's cross-examination of five defense character witnesses resulted in reversible error. The State cross-examined these character witnesses about the facts of the robbery for which appellant was on trial.

### 2. The State's Response

The State argues it is proper to test a witness's knowledge of the reputation of the person about whom he has given reputation testimony by asking the witness "have you heard" questions about specific acts of conduct of the defendant. The State contends this type of cross-examination is proper under current rules of criminal evidence and case law. The State relies on *Hedicke v. State*, 779 S.W.2d 837 (Tex. Crim.App.1989), *cert. denied*, 493 U.S. 1044, 110 S.Ct. 840, 107 L.Ed.2d 836 (1990), and rule 405 of the Texas Rules of Criminal Evidence.

### 3. The Applicable Law

■ It is improper to permit a witness to testify that a defendant's general reputation for being a peaceable, law-abiding citizen is bad based upon the offense for which he is on trial. *Rodriquez v. State*, 509 S.W.2d 319, 321 (Tex.Crim.App.1974); *Wright v. State*, 491 S.W.2d 936, 938 (Tex. Crim.App.1973). It also is improper to test the knowledge of a witness who has testified to the good reputation of a defendant for being a peaceable law-abiding citizen by asking "have you heard" questions about the offense for which he is being tried. *Rodriquez*, 509 S.W.2d at 321; *Wright*, 491 S.W.2d at 938.

The reason for the rule is that if the State uses the charge contained in the indictment as a basis for showing that a man's reputation as a law-abiding citizen is bad, then no man who is on trial could successfully show a good reputation as a law-abiding citizen. *Stephens v. State*, 128 Tex.Crim. 311, 80 S.W.2d 980, 982 (1935). At the punishment phase of the trial, the jury is concerned with evaluating a defendant's background and character *independent* of the commission of the crime on trial. *Sparkman v. State*, 580 S.W.2d 358, 360 (Tex.Crim.App. [Panel Op.] 1979).

The State's reliance on *Hedicke* is misplaced. In *Hedicke*, the trial court would not allow the defendant's character witnesses to testify about specific instances of good conduct and positive personal opinions. *Hedicke* did not involve the State questioning defense witnesses about their knowledge of the theft for which Hedicke was on trial. Also, rule 405 of the Texas Rules of Criminal Evidence does not support the State's argument. Part (a) of rule 405 requires a witness testifying about the character or trait of character of an accused to be familiar with the accused's reputation or with underlying facts or information upon which the opinion is based *prior to the day of the offense*. TEX. R.CRIM.EVID. 405(a). Rule 405(a) does not explicitly permit questioning a character witness on the facts of the offense for which the accused is on trial. The State's questions were improper.

When the State asks the improper question, then the reviewing court must determine whether the error was harmful to the defendant. *See Hedicke*, 779 S.W.2d at 842; *Henderson v. State*, 617 S.W.2d 697, 700 (Tex.Crim.App. [Panel Op.] 1981); TEX. R.APP.P. 81(b)(2).

### 4. Harm Analysis

If there is error, rule 81(b)(2) requires the reviewing court to reverse the judgment unless we determine beyond a reasonable doubt that the error made no contribution to the punishment. TEX.R.APP.P. 81(b)(2).

When we apply the rule, we do not determine whether the error is harmful simply by examining the evidence to see if it overwhelmingly supports appellant's guilt. We examine the source of the error, the nature of the error, whether or to what extent the State emphasized it, and its probable collateral implications. *Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim.App.1989). We consider how much weight a juror would probably place upon the error. We determine whether declaring the error harmless would encourage the state to repeat it with impunity. *Harris*, 790 S.W.2d at 587. We do not focus on the weight of the other evidence of guilt but on whether the error prejudiced the jurors' decision-making process. We do not ask whether the jury reached the correct result but whether the jurors were able to properly apply law to facts to reach its decision. We focus on

the process and not on the result. *Harris*, 790 S.W.2d at 587–88.

### 5. Application of Law to the Facts

■ During punishment, the State cross-examined five of appellant's character witnesses. The State examined each of these witnesses on the facts of the case on trial. The State asked these witnesses whether their opinions would be the same had they known appellant committed an armed robbery of a K–Mart store in June 1988. Appellant's trial counsel objected on relevancy grounds when the State cross-examined the first witness. The trial court overruled the objection. Trial counsel did not object to the State's cross-examination of the other four witnesses.[2] The State emphasized the cross-examination and the witnesses' testimony during final arguments. The jury assessed a twenty-three year sentence and a $10,000 fine.

Applying the *Harris* factors to this case, we conclude beyond a reasonable doubt that the State's cross-examination, although error, did not contribute to appellant's punishment. The jury had just heard all the evidence of the June 1988 robbery and found appellant guilty. Under the particular facts of this case, appellant's character witnesses testified to their opinion of specific character traits after appellant was released from prison in Arkansas. Appellant was in prison in Arkansas between June 1988 and the time of his trial in Dallas in April 1991. The jury assessed punishment in the lower range of available punishment. Under the record as a whole, we cannot say that the error prejudiced the jurors' decision making. Nor can we say that the jurors were unable properly to apply the facts to assess the punishment. We conclude that a rational trier of fact would not have reached a different result in the absence of the error and its effects.

The State repeated the error during cross-examination of five different witnesses. The State emphasized the cross-examination and the testimony during final argument. The questions were improper. Although we hold that under the facts of this case the error is harmless, we do not condone this type of cross-examination in future cases. We overrule appellant's points of error three, four, five, six, and seven.

### B. Effective Assistance of Counsel

#### 1. Appellant's Contentions

■ In his second point of error, appellant contends counsel was ineffective during the punishment phase by permitting the State to cross-examine five of appellant's character witnesses about the facts of the robbery for which appellant was on trial. Appellant submits that counsel's failure to object to the improper cross-examination undermined the character witnesses' credibility and affected their testimony before the jury. Appellant contends counsel's ineffectiveness violated both the state and federal constitutions and affected his right to a fair trial.[3]

#### 2. The State's Response

The State contends the rules permit opinion evidence of character during punishment. The State relies on rule 405 of the Texas Rules of Criminal Evidence. It also asserts the witnesses gave their opinions about whether appellant was a violent person after his release from prison in Arkansas. The State notes appellant was released from prison in Arkansas after the K–Mart robbery. The State argues the prosecutor could cross-examine these character witnesses about their knowledge of specific instances of violent conduct, including the robbery for which appellant was on trial.

---

**2.** Ordinarily, the failure to object to questioning waives any complaint on appeal. *See Cisneros v. State*, 692 S.W.2d 78, 82 (Tex.Crim.App.1985). However, further objections were useless as counsel could assume the trial court would make the same ruling in each instance. Because the State's questions involved a substantial right of appellant, we hold appellant preserved the error for appeal. *See* Tex.R.Crim.Evid. 103(a).

**3.** Appellant's point of error is multifarious because it combines federal and state constitutional claims in one point of error. *See Heitman*, 815 S.W.2d at 690–91 n. 23; *Segura*, 826 S.W.2d at 181.

### 3. Standard of review

Texas does not follow the *Strickland* standard for a review of a claim of ineffective assistance of counsel at the punishment phase of trial.

The standard of review for ineffective assistance of counsel at the punishment phase is whether appellant received reasonably effective assistance of counsel. *Ex parte Walker,* 794 S.W.2d 36, 37 (Tex.Crim. App.1990). We examine the total representation. *Walker,* 794 S.W.2d at 37. The test is whether counsel was reasonably likely to render and rendered effective assistance. *Craig v. State,* 825 S.W.2d 128, 130 (Tex.Crim.App.1992); *Ex parte Duffy,* 607 S.W.2d 507, 514 n. 14 (Tex.Crim.App. 1980). "Reasonably likely to render" refers to competence, and "rendered" refers to effectiveness. *Ex parte Duffy,* 607 S.W.2d at 516 n. 17. We review the entire record to determine competence. We review the punishment phase both alone and in light of the entire record to determine effectiveness.

### 4. Application of Law to the Facts

We have already held that the State's cross examination of appellant's character witnesses, although improper, was harmless. We have reviewed the punishment phase and the entire record. We determine trial counsel's assistance was not constitutionally ineffective at punishment. We overrule appellant's second point of error.

### C. The Prior Conviction

#### 1. Appellant's Contention

■■■■ In his eighth point of error, appellant contends reversible error occurred when an Arkansas police officer testified about the details of appellant's involvement in a burglary.

On the State's examination of the officer, he testified appellant was one of the suspects charged in the burglary and in the theft of property of approximately $40,000 worth of aluminum bars. Trial counsel objected to going behind any conviction. The trial court sustained the objection. The trial court instructed the jury to dis-regard the answer for all purposes. The trial court denied appellant's motion for mistrial.

Appellant contends the State may not go behind the conviction and into the details of the offense when eliciting evidence of that conviction during punishment. Appellant argues violation of this rule constitutes reversible error. Appellant relies on *Cliburn v. State,* 661 S.W.2d 731 (Tex.Crim.App. 1983).

#### 2. The State's Response

The State argues it did not go behind the conviction when the officer informed the jury of the historical facts of the offense alleged in the charging instrument. The State relies on *Bruner v. State,* 509 S.W.2d 620 (Tex.Crim.App.1974). The State argues that in any event the instruction to the jury to disregard the officer's answer cured any error.

#### 3. Application of the Law to the Facts

A review of *Cliburn* shows that the objectionable evidence was an unadjudicated extraneous offense. The court overruled Cliburn's timely and proper objection. The Court of Criminal Appeals conducted a harm analysis and found the facts of the case such that the introduction of the extraneous offense was prejudicial. *See Cliburn,* 661 S.W.2d at 732.

In *Bruner,* the defendant's objection to details of her prior convictions was a general objection. Additionally, the *Bruner* court noted all of the information covered by the State's questions was already in the record in the form of authenticated copies of the indictment, judgment, and sentence in each of the prior convictions. *See Bruner,* 509 S.W.2d at 622.

The trial court generally can cure or render harmless the admission of improper testimony by withdrawal of the testimony and an instruction to the jury to disregard. *Cavender v. State,* 547 S.W.2d 601, 603 (Tex.Crim.App.1977). In our view, the testimony was not of such a character that the instruction to disregard did not withdraw the impression the improper testimony produced on the jury's minds. *Cavender,* 547

S.W.2d at 603. We cannot conclude that the jury might have reached a different result if the error and its effects had not resulted. *Harris*, 790 S.W.2d at 588; TEX. R.APP.P. 80(b)(2). We hold the trial court's prompt instruction cured the error. *Cavender*, 547 S.W.2d at 603. We overrule appellant's eighth point of error.

We affirm the trial court's judgment.