# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00626-CR

**Keith Leanell Carter, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF DALLAS COUNTY, 292ND JUDICIAL DISTRICT
### NO. F-0242680-RV, HONORABLE HENRY M. WADE, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Keith Leanell Carter was convicted of aggravated robbery. His punishment was enhanced by a prior felony conviction, and he was sentenced to forty-five years' imprisonment. *See* Tex. Pen. Code Ann. § 29.03(a)(2) (West 2003). He now appeals, arguing that the evidence was factually insufficient to support his conviction and that the trial court abused its discretion in admitting testimony regarding a similar incident involving appellant. We will affirm.

The victim was robbed at gunpoint by a man she described as African-American, wearing a short-sleeved "orangey" shirt, with his hair in "corn-rows." The victim picked appellant from a photographic line-up. At trial, she identified appellant in open court. The identification was supported by other evidence. A group of men attempted to use one of the victim's credit cards to purchase liquor later the same day. One of the men was dressed as the victim described her assailant,

although the liquor-store surveillance camera did not show the men's faces. Appellant's finger prints were found on several of the bottles of alcohol the men had attempted to purchase. Also, three of the victim's checks were fraudulently passed at a local grocery store. On each of the three occasions, the cashier who accepted the check was appellant's sister.

Appellant contends that the evidence was factually insufficient to support his conviction. Appellant argues that the victim's identification of him is inadequate because the victim failed to testify that appellant has tattooed arms. Appellant's girlfriend testified at trial that appellant had facial hair at the time of the alleged robbery, although the victim had described him as clean-shaven. Appellant's girlfriend also testified that appellant has distinctive light-colored eyes and facial hair. Appellant characterizes this evidence as disproving the State's case. The State responds that a witness's failure to describe a particular aspect of a suspect's appearance does not render the evidence insufficient to support the verdict.

In a factual sufficiency review, we view the evidence in a neutral light, favoring neither party, to determine (1) if the evidence of guilt is so weak as to render the verdict clearly wrong or manifestly unjust or (2) if the finding of a vital fact is so contrary to the weight and preponderance of the evidence as to be clearly wrong. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *see also Zuliani v. State*, 97 S.W.3d 589, 593 (Tex. Crim. App. 2003); *Goodman v. State*, 66 S.W.3d 283, 285 (Tex. Crim. App. 2001). We do not realign, disregard, or reweigh the evidence. *Rodriguez v. State*, 939 S.W.2d 211, 218 (Tex. App.—Austin 1997, no pet.). The trier of fact has the responsibility of weighing all the evidence, resolving evidentiary conflicts, and drawing reasonable conclusions from the evidence. *Garcia v. State*, 57 S.W.3d 436, 441 (Tex. Crim.

2

App. 2001). A decision is not manifestly unjust simply because the trier of fact resolves conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd).

The jury was faced with two witnesses who gave conflicting testimony. The victim identified appellant and testified that he had robbed her. Appellant's girlfriend testified that appellant's physical appearance had been different at the time of the robbery and that the victim had not mentioned certain of appellant's distinguishing characteristics, *i.e.*, tattooed arms, light-colored eyes, and light-colored facial hair. Faced with a choice between these two witnesses, the jury appears to have given greater credibility to the victim's testimony. This determination is within the jury's authority as factfinder, and we will not disturb its findings. The victim's positive identification of appellant, taken together with the other circumstantial evidence, is factually sufficient. *See Davis v. State*, 831 S.W.2d 839, 842 (Tex. App.—Dallas 1992, pet. ref'd) (affirming aggravated-robbery conviction by jury where only one eyewitness identified appellant and appellant presented five alibi witnesses). Having reviewed the entire record, we do not believe that this result is manifestly unjust. Appellant's first point of error is overruled.

Appellant also argues that the trial court erred in admitting testimony regarding a second aggravated robbery. At trial, appellant's counsel attempted to call into question the victim's identification of appellant by arguing that the witness had failed to mention some of appellant's distinguishing characteristics in making her statement. On cross-examination, appellant's counsel asked several witnesses about appellant's arm tattoos. The State then offered the testimony of another aggravated robbery victim, who testified that appellant had robbed her in a similar manner

3

within a week of the charged offense. The State characterized this evidence as going to prove appellant's identity, which it argued appellant's counsel had put in issue during cross-examination. Appellant now argues that the testimony was improper because it referenced an extraneous prior offense and that it was more prejudicial than probative.

Evidence of other crimes, wrongs, or acts, although inadmissible to prove character conformity, may be admissible to prove identity. Tex. R. Evid. 404(b). An extraneous offense is admissible to show identity only when identity is at issue in the case. *See Lane v. State*, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996). The issue of identity is raised when the State's only identifying witness is impeached by cross-examination regarding a material detail of the witness's identification. *See Sisqueiros v. State*, 685 S.W.2d 68, 71 (Tex. Crim. App. 1985). The offenses introduced must be so similar to the charged offense as to mark the offenses as defendant's handiwork, in order to prove the defendant's identity. *Johnson v. State*, 68 S.W.3d 644, 650-51 (Tex. Crim. App. 2002). In determining the similarity of the offenses for the purposes of establishing identity, we are to consider the specific characteristics of the offense as well as the time interval between the extraneous offense and the offense charged. *Id.*

In this case, appellant's counsel cross-examined five separate witnesses regarding appellant's appearance and whether he had been properly identified, repeatedly asking whether witnesses had noticed appellant's tattooed arms. This placed identity in issue. *See Walker v. State*, 588 S.W.2d 920, 922 (Tex. Crim. App. 1979) (issue of identity raised where defense counsel, after

4

cross-examining identifying witness on presence of scars or tattoos on assailant, asked his client to display said scars and tattoos to witness and jury). The extraneous offense was similar to the charged offense. Both were robberies at gunpoint of females in the course of parking their sport utility vehicles in isolated, rear-entry garages, both occurred within a confined geographic area, and both occurred within the same week. These similarities are sufficient to establish that the extraneous offense was appropriately admitted. *See Ransom v. State*, 503 S.W.2d 810, 813 (Tex. Crim. App. 1974) (extraneous offense sufficiently similar where both offenses were gunpoint robberies in which defendant was aided by confederate, occurring within a three-day period). Appellant's second point of error is overruled.

Finally, appellant contends that the probative value of the extraneous evidence was substantially outweighed by its prejudicial effect. *See* Tex. R. Evid. 403. To prevail on this issue, appellant would have to show that the court's admission of the extraneous offense testimony was an abuse of discretion. *Dubose v. State*, 915 S.W.2d 493, 497-98 (Tex. Crim. App. 1996). It is not enough for us to disagree with the trial court's determination—to be reversed, the holding must be outside the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

In this case, because appellant's identity was in issue, the testimony regarding the extraneous offense was relevant. The testimony was offered to show identity only, and not character conformity. The trial court made its ruling after a hearing outside the jury's presence, according to an understanding of rule of evidence 404(b) that we have already found to be correct. We cannot say that the trial court abused its discretion in so ruling. Appellant's third point of error is overruled.

5

## CONCLUSION

The trial court's judgment is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   September 11, 2003

Do Not Publish

6