TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00626-CR






Keith Leanell Carter, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 292ND JUDICIAL DISTRICT

NO. F-0242680-RV, HONORABLE HENRY M. WADE, JR., JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Keith Leanell Carter was convicted of aggravated robbery. His punishment
was enhanced by a prior felony conviction, and he was sentenced to forty-five years' imprisonment. 
See Tex. Pen. Code Ann. § 29.03(a)(2) (West 2003). He now appeals, arguing that the evidence was
factually insufficient to support his conviction and that the trial court abused its discretion in
admitting testimony regarding a similar incident involving appellant. We will affirm.

 The victim was robbed at gunpoint by a man she described as African-American,
wearing a short-sleeved "orangey" shirt, with his hair in "corn-rows." The victim picked appellant
from a photographic line-up. At trial, she identified appellant in open court. The identification was
supported by other evidence. A group of men attempted to use one of the victim's credit cards to
purchase liquor later the same day. One of the men was dressed as the victim described her assailant,
although the liquor-store surveillance camera did not show the men's faces. Appellant's finger prints
were found on several of the bottles of alcohol the men had attempted to purchase. Also, three of
the victim's checks were fraudulently passed at a local grocery store. On each of the three occasions,
the cashier who accepted the check was appellant's sister.

 Appellant contends that the evidence was factually insufficient to support his
conviction. Appellant argues that the victim's identification of him is inadequate because the victim
failed to testify that appellant has tattooed arms. Appellant's girlfriend testified at trial that appellant
had facial hair at the time of the alleged robbery, although the victim had described him as clean-shaven. Appellant's girlfriend also testified that appellant has distinctive light-colored eyes and
facial hair. Appellant characterizes this evidence as disproving the State's case. The State responds
that a witness's failure to describe a particular aspect of a suspect's appearance does not render the
evidence insufficient to support the verdict.

 In a factual sufficiency review, we view the evidence in a neutral light, favoring
neither party, to determine (1) if the evidence of guilt is so weak as to render the verdict clearly
wrong or manifestly unjust or (2) if the finding of a vital fact is so contrary to the weight and
preponderance of the evidence as to be clearly wrong. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000); see also Zuliani v. State, 97 S.W.3d 589, 593 (Tex. Crim. App. 2003); Goodman v.
State, 66 S.W.3d 283, 285 (Tex. Crim. App. 2001). We do not realign, disregard, or reweigh the
evidence. Rodriguez v. State, 939 S.W.2d 211, 218 (Tex. App.--Austin 1997, no pet.). The trier
of fact has the responsibility of weighing all the evidence, resolving evidentiary conflicts, and
drawing reasonable conclusions from the evidence. Garcia v. State, 57 S.W.3d 436, 441 (Tex. Crim.
App. 2001). A decision is not manifestly unjust simply because the trier of fact resolves conflicting
views of the evidence in the State's favor. Roise v. State, 7 S.W.3d 225, 233 (Tex. App.--Austin
1999, pet. ref'd). 

 The jury was faced with two witnesses who gave conflicting testimony. The victim 
identified appellant and testified that he had robbed her. Appellant's girlfriend testified that
appellant's physical appearance had been different at the time of the robbery and that the victim had
not mentioned certain of appellant's distinguishing characteristics, i.e., tattooed arms, light-colored
eyes, and light-colored facial hair. Faced with a choice between these two witnesses, the jury
appears to have given greater credibility to the victim's testimony. This determination is within the
jury's authority as factfinder, and we will not disturb its findings. The victim's positive
identification of appellant, taken together with the other circumstantial evidence, is factually
sufficient. See Davis v. State, 831 S.W.2d 839, 842 (Tex. App.--Dallas 1992, pet. ref'd) (affirming
aggravated-robbery conviction by jury where only one eyewitness identified appellant and appellant
presented five alibi witnesses). Having reviewed the entire record, we do not believe that this result
is manifestly unjust. Appellant's first point of error is overruled.

 Appellant also argues that the trial court erred in admitting testimony regarding a
second aggravated robbery. At trial, appellant's counsel attempted to call into question the victim's
identification of appellant by arguing that the witness had failed to mention some of appellant's
distinguishing characteristics in making her statement. On cross-examination, appellant's counsel
asked several witnesses about appellant's arm tattoos. The State then offered the testimony of
another aggravated robbery victim, who testified that appellant had robbed her in a similar manner
within a week of the charged offense. The State characterized this evidence as going to prove
appellant's identity, which it argued appellant's counsel had put in issue during cross-examination. 
Appellant now argues that the testimony was improper because it referenced an extraneous prior
offense and that it was more prejudicial than probative.

 Evidence of other crimes, wrongs, or acts, although inadmissible to prove character
conformity, may be admissible to prove identity. Tex. R. Evid. 404(b). An extraneous offense is
admissible to show identity only when identity is at issue in the case. See Lane v. State, 933 S.W.2d
504, 519 (Tex. Crim. App. 1996). The issue of identity is raised when the State's only identifying
witness is impeached by cross-examination regarding a material detail of the witness's identification. 
See Sisqueiros v. State, 685 S.W.2d 68, 71 (Tex. Crim. App. 1985). The offenses introduced must
be so similar to the charged offense as to mark the offenses as defendant's handiwork, in order to
prove the defendant's identity. Johnson v. State, 68 S.W.3d 644, 650-51 (Tex. Crim. App. 2002). 
In determining the similarity of the offenses for the purposes of establishing identity, we are to
consider the specific characteristics of the offense as well as the time interval between the extraneous
offense and the offense charged. Id. 

 In this case, appellant's counsel cross-examined five separate witnesses regarding
appellant's appearance and whether he had been properly identified, repeatedly asking whether
witnesses had noticed appellant's tattooed arms. This placed identity in issue. See Walker v. State,
588 S.W.2d 920, 922 (Tex. Crim. App. 1979) (issue of identity raised where defense counsel, after
cross-examining identifying witness on presence of scars or tattoos on assailant, asked his client to
display said scars and tattoos to witness and jury). The extraneous offense was similar to the charged
offense. Both were robberies at gunpoint of females in the course of parking their sport utility
vehicles in isolated, rear-entry garages, both occurred within a confined geographic area, and both
occurred within the same week. These similarities are sufficient to establish that the extraneous
offense was appropriately admitted. See Ransom v. State, 503 S.W.2d 810, 813 (Tex. Crim. App.
1974) (extraneous offense sufficiently similar where both offenses were gunpoint robberies in which
defendant was aided by confederate, occurring within a three-day period). Appellant's second point
of error is overruled.

 Finally, appellant contends that the probative value of the extraneous evidence was
substantially outweighed by its prejudicial effect. See Tex. R. Evid. 403. To prevail on this issue,
appellant would have to show that the court's admission of the extraneous offense testimony was
an abuse of discretion. Dubose v. State, 915 S.W.2d 493, 497-98 (Tex. Crim. App. 1996). It is not
enough for us to disagree with the trial court's determination--to be reversed, the holding must be
outside the "zone of reasonable disagreement." Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1991) (op. on reh'g). 

 In this case, because appellant's identity was in issue, the testimony regarding the
extraneous offense was relevant. The testimony was offered to show identity only, and not character
conformity. The trial court made its ruling after a hearing outside the jury's presence, according to
an understanding of rule of evidence 404(b) that we have already found to be correct. We cannot
say that the trial court abused its discretion in so ruling. Appellant's third point of error is overruled.


CONCLUSION

 The trial court's judgment is affirmed.



 

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: September 11, 2003

Do Not Publish