Opinion issued October 12, 2006











     






In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00346-CR




TRACY BERNARD MILES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1020224




MEMORANDUM OPINION
          Appellant, Tracy Bernard Miles, appeals the trial court’s judgment convicting
him for felony burglary of a habitation. See Tex. Pen. Code Ann. § 30.02(a)(1),
(c)(2) (Vernon 2003). Appellant pleaded not guilty to the jury. The jury found
appellant guilty and the trial court sentenced him to 35 years in prison, after finding
true two punishment enhancement paragraphs. In his sole issue on appeal, appellant
challenges the factual sufficiency of the evidence to support his conviction by
claiming that the evidence is too weak to establish his identity as the person who
committed the offense. We conclude that factually sufficient evidence establishes
appellant’s identity. We therefore affirm the judgment of the trial court. BackgroundIn September 2004, Weldon Holman’s eye was hit by a piece of metal while
he was at work. He was treated at a hospital, where he was given pain medication
and instructed to keep his eye clean. Holman went home, and went to sleep around
midnight. At around 5 a.m., Holman awoke when an intruder kicked in his locked
bedroom door. Holman recognized the intruder as a man he knew as ‘Dwight.’ The
two men briefly cursed at one another, and Dwight fled. Holman then went to his
bedroom window and saw three men hurrying out of the apartment. He immediately
recognized appellant, whom he knew as “Trey,” Dwight, and a third person whom he
knew as “Juano.” Holman was acquainted with all three men from having seen them
around the apartment complex, particularly appellant because appellant’s girlfriend
lived near Holman. After watching the intruders leave, Holman discovered that his
mother’s 60-inch television set and some other electronics were missing.
          The crime was immediately reported to police officers. About five weeks later,
on November 2, Holman positively identified appellant from an array of six
photographs.
Factual Sufficiency of the Evidence
          Appellant contends the evidence to establish his identity as the perpetrator of
the burglary is factually insufficient for the following reasons: 
 Holman’s opportunity to view the fleeing men was too brief to make
a reliable identification; 
 Holman viewed appellant from inside a darkened room; 
 Holman could only see the backs of the intruders as the intruders
turned away from the bedroom window to flee from the apartment;
 Holman was suffering from an eye injury which he sustained the day
before the burglary;
 Holman was sleepy due to pain medication and antibiotics used to
treat his eye;
 Holman was not wearing his prescription eyeglasses when he
viewed the fleeing burglars, and his vision without them is
“mediocre”; and
 Holman was in shock from being awakened suddenly by the sound
of his locked door being kicked open.
          To determine whether the evidence is factually sufficient, we review all the
evidence, both for and against the jury’s finding, in a neutral light. Vodochodsky v.
State, 158 S.W.3d 502, 510 (Tex. Crim. App. 2005). We will disturb the verdict only
if the State’s proof is so obviously weak as to undermine confidence in the jury’s
determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. Id. In conducting such a review, we consider all of
the evidence weighed by the jury, comparing the evidence which tends to prove the
existence of the elemental fact in dispute to the evidence that tends to disprove it. Id. 
We are authorized to disagree with the jury’s determination even if probative
evidence exists which supports the verdict, but we must avoid substituting our
judgment for that of the fact-finder. Id. The jury is the exclusive judge of the
credibility of witnesses and the weight to be accorded to their testimony, and the jury
may accept or reject any or all evidence presented at trial. Margraves v. State, 34
S.W.3d 912, 919 (Tex. Crim. App. 2000). It is well established that a conviction may
be based on the testimony of a single eyewitness. Bowden v. State, 628 S.W.2d 782,
784 (Tex. Crim. App. 1982); Johnson v. State, 176 S.W.3d 74, 78 (Tex.
App.—Houston [1st Dist.] 2004, no pet.). 
          At trial, appellant presented no evidence contrary to the State’s eyewitness
testimony. The factual sufficiency of the evidence complaint, therefore, is not
premised on whether the State’s identification evidence is greatly outweighed by
contrary proof. See Vodochodsky, 158 S.W.3d at 510. The sole factual sufficiency
of the evidence inquiry here is whether the State’s evidence establishing appellant’s
identity as one of the burglars is so weak as to undermine confidence in the jury’s
verdict of guilt. See id.
          The record shows that appellant observed the intruders only briefly. Holman
acknowledged at trial that he viewed appellant and “Juano” for “maybe a second,”
and that all three intruders turned quickly away from the window through which
Holman was watching. Holman explained, however, that he was acquainted with the
three men, having met them a number of times and having seen appellant frequently
visiting appellant’s girlfriend’s nearby apartment. The jury, therefore, could
reasonably have determined that Holman’s familiarity with appellant enabled Holman
to positively identify appellant as one of the intruders despite the short opportunity
to observe the intruders. See Walker v. State, 180 S.W.3d 829, 829–33 (Tex.
App.—Houston [14th Dist.] 2005, no pet.) (holding evidence factually sufficient even
though robbery lasted less than one minute, and sole identifying eyewitness had view
partially obstructed by perpetrator’s hood). Moreover, although appellant’s
opportunity to view the intruders was brief, appellant, five weeks after the burglary,
was able to immediately and positively identify appellant from a photo array as one
of the intruders. See Johnson, 176 S.W.3d at 74–78 (holding evidence factually
sufficient when victim identified defendant about four weeks after robbery, said she
did not forget a face and knew him “because of his eyes”); Davis v. State, 831
S.W.2d 839, 841–42 (Tex. App.—Dallas 1992, pet. ref’d) (holding evidence factually
sufficient when identification of robber was made by store manager 10 months after
robbery and countered by defendant’s five alibi witnesses). 
          Appellant claims Holman’s physical condition impaired his ability to identify
the intruders. Specifically, appellant maintains that Holman’s identification is
unreliable because Holman had an injured eye, was on prescribed pain medication,
failed to wear his prescription eyeglasses when he observed the intruders, and was
awakened from his sleep. Holman explained, however, that he was able to make an
identification of the intruders under these conditions because the injury to his eye did
not affect his vision, the pain medication had worn off, and his prescription
eyeglasses were for reading and driving, not general use. Additionally, Holman
described himself as alert when he observed the intruders, which was confirmed by
the officer who spoke to Holman the night of the burglary, who described Holman as
“alert enough.” The record shows, therefore, that although Holman suffered from
some physical ailments, those conditions did not interfere with his ability to identify
appellant. 
           Appellant also challenges the eyewitness’s identification by asserting that it
is unreliable due to inadequate lighting. Holman, however, explained that the inside
of the apartment was dark, but the outside of the apartment where the intruders were
seen was lit. Holman was thus able to see the intruders, despite the inadequate
lighting inside Holman’s apartment.
          We conclude that all of appellant’s challenges to the reliability of Holman’s
identification of appellant pertain to the weight and credibility to give to Holman’s
testimony, and we must therefore defer to the jury for its evaluation of this evidence. 
See Margraves, 34 S.W.3d at 919; Cain v. State, 958 S.W.2d 404, 408–09 (Tex.
Crim. App. 1997). Having considered all the evidence in the case in a neutral light,
we conclude that the State’s evidence is not so weak as to undermine confidence in
the jury’s conclusion that appellant committed the burglary. See Vodochodsky, 158
S.W.3d at 510. We thus hold that the evidence is factually sufficient to sustain
appellant’s conviction. 
          We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court. 
 
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Do not publish. Tex. R. App. P. 47.2(b).