Opinion issued June 14, 2007













In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00660-CR






LEROY COLLINS JR., Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 1033716





MEMORANDUM OPINION


 A jury convicted appellant, Leroy Collins Jr., of aggravated robbery with the
use or exhibit of a deadly weapon (a metal pipe), and the trial court assessed
punishment at 30 years in prison. See Tex. Pen. Code Ann. §§ 29.02, 29.03(a)(2)
(Vernon 2003). We determine whether the evidence was factually sufficient to prove
that it was appellant who committed the charged offense. We affirm. 

Background


 Liaquat Ali worked the night shift at a 99 Cent store located on Scott Street in
Houston. The store was open 24 hours a day; however, after midnight, the doors were
locked, and transactions were conducted through a window and drawer. Appellant
worked with Ali at the same store during the day and, at night, slept in the back of the
store. Appellant had a key to the store and knew the alarm code. Harold "Moe"
Gilmore had also been an employee at the store in the past.

 At about 1:00 on the morning of May 28, 2005, Ali had just completed making
a sale of cigarettes through the store's window. When Ali turned around, he saw
appellant, who was holding a sharp object and telling Ali to get back and to put his
hands up. Gilmore was also inside, though Ali did not know how Gilmore had
entered because the doors were locked. While appellant was reaching inside the cash
register, Gilmore hit Ali on the head with a metal pipe. Gilmore hit Ali a second
time, and Ali fell to the floor, unconscious. 

 Gilmore called the store's owner, Mohammed Pirzada, about 8:00 the same
morning to tell him that someone had shot Ali in the store. When the police arrived,
they found fresh signs of forced entry to the store's back gate and door. Later that
morning, they found appellant asleep in the back of the store.

 Ali spent nearly three weeks in the hospital due to the severity of his head
injuries. Pirzada visited Ali several times, once with appellant. On Pirzada's fourth
or fifth visit, which was about three or four weeks after the robbery, Ali told Pirzada
that Gilmore had robbed him. Pirzada informed the police, who arranged for a
photographic spread to be shown to Ali at his apartment. When the police
interviewed him, Ali told them that both Gilmore and appellant had robbed him. Ali
thereafter identified appellant and Gilmore from photographic spreads.

Factual Sufficiency


 In his sole point of error, appellant contends that the evidence was factually
insufficient to support the jury's verdict because the testimony of the witnesses was
inconsistent and "totally unreliable" and because there was no physical evidence
presented to the jury that would have substantiated the guilty verdict.

A. The Standard of Review

 When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997); Perales
v. State, No. 01-05-01019-CR, 2006 WL 3628902, at *2 (Tex. App.--Houston [1st
Dist.] Dec. 14, 2006, pet. filed). A review of the factual sufficiency of the evidence
begins with the presumption that the evidence is legally sufficient to support the
judgment. Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000); Perales, 2006 WL 3628902, at *2. Appellant raises both types of challenges
on appeal.

 Under the first prong of Johnson, we cannot conclude that a conviction is
"clearly wrong" and "manifestly unjust" simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State, 
204 S.W.3d 404, 417 (Tex. Crim. App. 2006); Perales, 2006 WL 3628902, at *2. 
Under the second prong of Johnson, we cannot declare that a conflict in the evidence
justifies a new trial simply because we disagree with the jury's resolution of that
conflict. Watson, 204 S.W.3d at 417; Perales, 2006 WL 3628902, at *2. Before
concluding that evidence is factually insufficient to support a verdict under the
second prong of Johnson, we must be able to say, with some objective basis in the
record, that the great weight and preponderance of the evidence contradicts the jury's
verdict. Watson, 204 S.W.3d at 417; Perales, 2006 WL 3628902, at *2. 

 In conducting a factual-sufficiency review, we must also discuss the evidence 
that, according to the appellant, most undermines the jury's verdict. Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003); Perales, 2006 WL 3628902, at *2. We
may not reweigh the evidence or substitute our judgment for that of the fact-finder. 
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Perales, 2006 WL
3628902, at *3. The fact-finder alone determines what weight to place on
contradictory testimonial evidence because that determination depends on the
fact-finder's evaluation of credibility and demeanor. Cain, 958 S.W.2d at 408-09;
Perales, 2006 WL 3628902, at *3. As the determiner of the credibility of the
witnesses, the fact-finder may choose to believe all, some, or none of the testimony
presented. Cain, 958 S.W.2d at 407 n.5; Perales, 2006 WL 3628902, at *3.

B. The Law

 A person commits aggravated robbery, as the indictment alleged and the jury
was charged here, if he commits robbery and uses or exhibits a deadly weapon. See
Tex. Pen. Code Ann. § 29.03(a)(2). Under the charge given here, a person is guilty
of robbery if, while in the course of committing theft, and with intent to obtain or to
maintain control of the property of another, he intentionally or knowingly causes
bodily injury to another or intentionally or knowingly threatens or places another in
fear of imminent bodily injury or death. See id. § 29.02(a)(1), (2). A person commits
theft if he unlawfully appropriates property with intent to deprive the owner of the
property. Id. § 31.03(a) (Vernon Supp. 2006). An accused's mental state may be
inferred and proven circumstantially from acts or surrounding circumstances. See
Ledesma v. State, 677 S.W.2d 529, 531 (Tex. Crim. App. 1984). The jury charge
authorized appellant's conviction under the law of parties.C. Discussion

 1. The Strength of the Evidence Supporting the Verdict

 Appellant first contends that the evidence is factually insufficient to support
the jury's verdict because the testimony of the witnesses, especially that of Ali, was
inconsistent throughout the trial. This portion of appellant's factual-sufficiency
challenge also relies on the fact that Ali waited three or four weeks to identify
appellant. 

 The evidence showed that Ali was very seriously injured by the attack. (1) He
was hospitalized for 17 to 18 days, and his head injuries were so severe that an
investigating officer contacted the police department's homicide division, in case Ali
died, and Pirzada did not believe that Ali would survive. When Ali was discharged
from the hospital, soon before he told Pirzada who had attacked him, Ali was "still
not in good shape." Likewise, during an initial police interview at his apartment, Ali
continually complained of head pain. Given this evidence, the jury may have
believed, for example, that Ali's injuries were so severe that he was incapable of
telling anyone for several weeks who had attacked him. This view of the evidence
could have been bolstered by Pirzada's testimony that, from the day that Ali identified
Gilmore and appellant as his attackers, Ali never changed his story about who had
committed the crime. 

 The fact-finder is the exclusive judge of the credibility of the witnesses and of
the weight to be given their testimony. Jones v. State, 944 S.W.2d 642, 647 (Tex.
Crim. App. 1996). Reconciliation of any conflicts in the evidence is within the
exclusive province of the jury. Id. The jury was entitled to believe Ali's testimony
despite any inconsistencies that it may have contained and was entitled to give it the
weight that it deemed appropriate. See Davis v. State, 831 S.W.2d 839, 842 (Tex.
App.--Dallas 1992, pet. ref'd) (affirming robbery conviction when only one
eyewitness identified defendant, despite testimony of five alibi witnesses who
testified for defendant). For these reasons, we hold that the verdict was not based on
evidence that was so weak as to render the verdict clearly wrong or manifestly unjust. 
We thus further hold that the evidence was not factually insufficient for the reason
that appellant argues in this portion of his sole point of error.

 2. The Great Weight and Preponderance of the Evidence

 Appellant next contends that the evidence is factually insufficient to support
the jury's verdict because (1) he had no reason to force open a door when he had a
key and permission to be in the store; (2) it would have been illogical for him to have
slept at the store after the robbery instead of fleeing; and (3) there were no usable or
identifiable fingerprints at the scene. 

 The evidence indicated that the forced entry had occurred some time late on the
night of May 27 or early in the morning of May 28 because (1) the gate and door's
damage appeared "fresh"; (2) a witness saw four men enter the store by tearing at its
back gate and kicking the adjacent door at 4:40 a.m. on May 28, heard a loud
gunshot-like sound shortly thereafter, and saw the men leave the store quickly
afterwards; (3) Ali did not hear anyone come in through the back gate or door before
he was attacked at 1:00 on the morning of May 28, despite the door's being metal and
having been forced open with a heavy object; and (4) Pirzada had visited the store
earlier on the night of May 27 and had seen no problems. Additionally, there was
testimony that the neighborhood was a "very rough," high-crime area and that the
store had been broken into in the past. 

 Given this evidence and sequence of events, the jury could reasonably have
believed, as the State hypothesized in its closing argument, that the four unidentified
men who had broken into the store later that morning had fled after having seen Ali
injured on the floor--meaning that the attack on Ali and the forced entry were
unrelated. As for appellant's having been found asleep in the store after the robbery,
the jury could have believed either what appellant argues or, instead, as the State
argued in closing, that appellant did not flee so as not to cast suspicion on himself. 
Additionally, appellant's having been found asleep after the crime does not
necessarily negate his having participated in the robbery earlier. And as for the lack
of fingerprints, the jury also had before it Ali's eye-witness testimony that appellant
and Gilmore had robbed him.

 The jury may accept or reject any or all of the evidence presented by either
party. Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). Given the
possible ways of construing the evidence, and the totality of the evidence before the
jury, we hold that the verdict was not against the great weight and preponderance of
the evidence. Therefore, we further hold that the evidence was not factually
insufficient for the reason that appellant argues in this portion of his sole point of
error.

 We overrule appellant's sole point of error.

Conclusion


 We affirm the judgment of the trial court.


 Tim Taft

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.


Do not publish. See Tex. R. App. P. 47.2(b).
1. Indeed, Ali testified that, as of the time of trial, which was over a year after the
robbery, he was still unable to work because of his injuries.