Opinion issued June 21, 2007


 










In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00495-CR






CHUCK HARPER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 1064870





MEMORANDUM OPINION

 A jury convicted appellant, Chuck Harper, of robbery. See Tex. Pen. Code
Ann. § 29.02(a)(2) (Vernon 2003). After appellant pleaded true to two enhancement
paragraphs alleging prior convictions for aggravated robbery, the jury assessed
appellant's punishment at 99 years in prison. See id. § 12.42(d) (Vernon Supp. 2006). 
We determine whether the evidence was factually sufficient to prove appellant's
identity. We affirm.

Facts


 Kayla Vuong worked as a cashier at a Baskin Robbins ice cream parlor located
on Bellaire and Chimney Rock in the City of Bellaire, Texas. At about 1:00 p.m. on
the afternoon of November 8, 2004, Vuong had just finished serving ice cream to a
couple in line, who then left the store, when she turned her attention to appellant. She
served him his ice cream ,and when she opened the cash register to collect his money,
appellant pulled out what Vuong believed was a knife, told her to be quiet, and took
approximately $100 from her cash register. Vuong then called police and reported
the robbery. There was no video-taped surveillance system in place at the store at
that time.

 When officers arrived on the scene around 1:19 p.m., they were informed that
some citizens had seen a black male running out of the Baskin Robbins. Vuong
described the suspect to the officers as a black male wearing dark pants and a dark,
striped shirt.

 Roy Ledesma, a City of Houston worker, saw appellant come out of an
apartment complex and enter a convenience store. Ledesma described appellant as
wearing black jeans and a dark colored shirt and having "real short" hair and no facial
hair. Ledesma also testified that appellant had not been sweating.

 Appellant was then seen by two plain-clothes police officers, Lieutenant Leal
and Sergeant Bartlett, who were in an unmarked car at the convenience store. When
confronted by the officers, appellant fled. Lieutenant Leal testified that appellant was
"very sweaty," and Sergeant Bartlett testified that appellant may have been sweating,
although not "profusely."

 Appellant was eventually caught about 50 yards from the convenience store
location and arrested at 1:32 pm, approximately 14 minutes after Vuong's call
reporting the robbery. Shortly thereafter, police took Vuong to the convenience store,
where she identified appellant, who was in police custody at the time, as the man who
had robbed her. Vuong identified him because he was wearing the same clothes and 
testified that he had no beard and short hair. (1) 

 After appellant's arrest, the police recovered $179.58, including four rolls of
coins, from appellant. During booking, appellant stated that he had dropped the knife
when he was running away from the scene. The knife was never located.

Factual Sufficiency

 In his sole point of error, appellant argues that the evidence was factually
insufficient to support the jury's verdict because the testimony of the witnesses was
inconsistent and because the identification of appellant by Vuong was not reliable.


 Standard of Review


 When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997); Perales
v. State, No. 01-05-01019-CR, 2006 WL 3628902, at *2 (Tex. App.--Houston [1st
Dist.] Dec. 14, 2006, no pet.). A review of the factual sufficiency of the evidence
begins with the presumption that the evidence is legally sufficient to support the
judgment. Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. (2)
 Johnson v. State, 23 S.W.3d 1, 10 (Tex. Crim. App.
2000); Perales, 2006 WL 3628902, at *2.

 Under the first prong of Johnson, we cannot conclude that a conviction is
"clearly wrong" and "manifestly unjust" simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State, 
204 S.W.3d 404, 417 (Tex. Crim. App. 2006); Perales, 2006 WL 3628902, at *2. 
Under the second prong of Johnson, we cannot declare that a conflict in the evidence
justifies a new trial simply because we disagree with the jury's resolution of that
conflict. Watson, 204 S.W.3d at 417; Perales, 2006 WL 3628902, at *2. Before
concluding that evidence is factually insufficient to support a verdict under the
second prong of Johnson, we must be able to say, with some objective basis in the
record, that the great weight and preponderance of the evidence contradicts the jury's
verdict. Watson, 204 S.W.3d at 417; Perales, 2006 WL 3628902, at *2. 

 In conducting a factual-sufficiency review, we must also discuss the evidence 
that, according to the appellant, most undermines the jury's verdict. Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003); Perales, 2006 WL 3628902, at *2. We
may not reweigh the evidence or substitute our judgment for that of the fact-finder. 
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Perales, 2006 WL
3628902, at *2. The fact-finder alone determines the weight to place on contradictory
testimonial evidence because that determination depends on the fact-finder's
evaluation of credibility and demeanor. Cain, 958 S.W.2d at 408-09; Perales, 2006
WL 3628902, at *3. As the determiner of the credibility of the witnesses, the
fact-finder may choose to believe all, some, or none of the testimony presented. Cain,
958 S.W.2d at 407 n.5; Perales, 2006 WL 3628902, at *3.


B. The Law

 The indictment alleged that appellant had committed the offense of aggravated
robbery by the use or exhibition of a deadly weapon, specifically, a knife or an
unknown metal object. A person commits aggravated robbery, as the indictment
alleged and the jury was charged here, if he commits robbery and uses or exhibits a
deadly weapon. See Tex. Pen. Code Ann. § 29.03(a)(2) (Vernon 2003). The jury
acquitted appellant of aggravated robbery, but found appellant guilty of the lesser
included offense of robbery. Under the charge given here, a person is guilty of
robbery if, while in the course of committing theft, and with intent to obtain or to
maintain control of the property of another, he intentionally or knowingly threatens
or places another in fear of imminent bodily injury or death. See id. § 29.02(a)(2)
(Vernon 2003). A person commits theft if he unlawfully appropriates property with
intent to deprive the owner of the property. Id. § 31.03(a) (Vernon Supp. 2006). An
accused's mental state may be inferred and proven circumstantially from acts or
surrounding circumstances. See Ledesma v. State, 677 S.W.2d 529, 531 (Tex. Crim.
App. 1984). 

C. Discussion

 Appellant contends that the evidence is factually insufficient to support the
jury's verdict because the testimony of the witnesses was inconsistent throughout the
trial and because the eye-witness identification was not reliable. Specifically,
appellant points to (1) the contradictions regarding the level of his perspiration; (2)
the contradictions concerning his hair length; and (3) the reliability of Vuong's
identification of appellant because he was identified in an on-the-scene confrontation,
instead of in a police lineup.

 Appellant first relies on inconsistencies regarding testimony about the level of
his perspiration. Ledesma testified that appellant was not sweating. However, two
police officers testified that appellant was sweating, though they disagreed on the
degree of perspiration. The jury could have reasonably believed that differing
descriptions of appellant's level of perspiration were differences in visual perspective,
time of observation, or degree of physical perception; therefore, the above testimony
is not inherently inconsistent. Moreover, to the extent that the testimony conflicted,
the jury determines the weight to place on contradictory testimonial evidence because
that determination depends on the fact-finder's evaluation of credibility and
demeanor. See Cain, 958 S.W.2d at 408-09; Perales, 2006 WL 3628902, at *3. 

 Appellant next relies on inconsistencies regarding testimony about the length
of his hair. Vuong testified at trial that the man who had robbed her had short hair. 
Vuong also stated that she was able to identify appellant as the robber because he was
wearing the same clothes and had short hair and no beard. (3) Ledesma testified that the
man that he saw at the convenience store had short hair. However, Ledesma, who
observed appellant's arrest, testified that this was the same person whom he had seen
run out of an apartment complex and into a convenience store. In contrast,
appellant's arrest photograph and the testimony of three police officers indicated that
appellant was bald. The jury determines the weight to place on contradictory
testimonial evidence because that determination depends on the fact-finder's
evaluation of credibility and demeanor. See Cain, 958 S.W.2d at 408-09; Perales,
2006 WL 3628902, at *3. As the determiner of the credibility of the witnesses, the
fact-finder may choose to believe all, some, or none of the testimony presented. Cain,
958 S.W.2d at 407 n.5; Perales, 2006 WL 3628902, at *3. The jury could reasonably
have believed that the description of the length of appellant's hair may not have been
an important feature considering Vuong's immediate, positive identification of
appellant as the person who had robbed her. 

 Finally, appellant appears to contend that because he was the only person
Vuong was shown and because he was in police custody at the time, her identification
of him is unreliable. However, the jury could have believed that because the robbery
had happened shortly before Vuong's identification and because appellant fit the
description of the suspect that Vuong had given the police, even if appellant was the
only person in police custody at the convenience store, her identification was reliable. 
In addition, appellant was found in the area of the robbery, wearing clothes matching
the description of the robber, and, when approached by officers, appellant fled. See
Bigby v. State, 892 S.W.2d 864, 884 (Tex. Crim. App. 1994) (stating that flight shows
consciousness of guilt and is circumstance from which inference of guilt may be
drawn). When arrested, appellant was in possession of money generally matching the
money taken during the robbery. 

 Regardless of how the jury weighed the evidence and evaluated the credibility
of the witnesses, this Court is not permitted to usurp the jury's role on appeal. See
King, 29 S.W.3d at 562; Cain, 958 S.W.2d at 407 n.5, 408-09. The fact-finder is the
exclusive judge of the credibility of the witnesses and of the weight to be given their
testimony. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). 
Reconciliation of any conflicts in the evidence is within the exclusive province of the
jury. Id.; see Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). The jury
was entitled to believe whomever's testimony they chose, despite any inconsistencies
that it may have contained, and was entitled to give it the weight that the jury deemed
appropriate. See Miles v. State, No. 01-05-00346-CR, 2006 WL 2892418, at *3 (Tex.
App.--Houston [1st Dist.] Oct. 12, 2006, no pet.); Davis v. State, 831 S.W.2d 839,
842 (Tex. App.--Dallas 1992, pet. ref'd) (not designated for publication) (affirming
robbery conviction when only one eyewitness identified defendant, despite testimony
of five alibi witnesses who testified for defendant). 

 Viewing the evidence in the appropriate neutral light, we hold that the verdict
was not based on evidence that was so weak as to render the verdict clearly wrong or
manifestly unjust. We thus hold that the evidence was not factually insufficient for
the reasons that appellant argues in his point of error. 

 We overrule appellant's sole point of error.

Conclusion We affirm the judgment of the trial court.



 Tim Taft

 Justice

 

Panel consists of Justices Taft, Jennings, and Acala.

Do not publish. See Tex. R. App. P. 47.2(b).

 
1. Appellant testified that he was bald at the time that the robbery was committed. 
2. Appellant appears to raise only the first challenge, that the evidence is so weak
that the verdict is clearly wrong and manifestly unjust, on appeal.

3. Prior to identifying appellant as the robber, she had described the suspect to the
officers as a black male wearing dark pants and a dark, striped shirt.