In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00264-CR

____________


JOSE ADAN RODRIGUEZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 338th District Court 

Harris County, Texas

Trial Court Cause No. 1079889





MEMORANDUM OPINION
 


 A jury convicted appellant, Jose Adan Rodriguez, of possession with intent
to deliver at least 400 grams of cocaine. The trial court assessed punishment at 30
years' confinement and a $25,000 fine. In his sole point of error, appellant
contends that the evidence was factually insufficient to support the judgment. We
affirm. 

BACKGROUND

 Officer J. Garza is a 30-year verteran of the Houston Police Department who
has spent approximately 15 years working in the Narcotics Division. Garza
typically works as an undercover agent, obtaining information of large drug sales
from a confidential informant. In this case, a confidential informant introduced
Garza to Chuy Espino. Garza told Espino that he wanted to buy a kilogram of
cocaine. 

 On August 9, 2006, a few days after the initial meeting with Espino, Garza
met with the informant and Espino outside a warehouse. Espino brought Garza
inside and introduced him to appellant and Naftali Navarette. Espino left the
warehouse, and Garza began to talk to Navarette about the drug deal. Appellant
was sitting nearby on a sofa. Navarette told appellant to show "the stuff" to Garza. 
Garza saw two kilogram-sized bricks in the bag. Appellant cut open one of the
bricks and allowed Garza to examine it. Garza recognized "the stuff" as cocaine
and signaled to other officers nearby. The officers came in, arrested appellant and
Navarette, and seized the cocaine.

 The cocaine packages were submitted for fingerprint processing, but the
results were inconclusive. The crime lab determined that the packages contained
1.9 kilograms of cocaine.

 Garza did not record the drug deal because his recording equipment had
malfunctioned. During trial, Garza read from his offense report to refresh his
memory about what he had seen and heard during the drug deal. 

 Navarette, who was tried with appellant, testified that he did not know
appellant, and that he, Navarette, was waiting at the warehouse to give Espino a
ride home because Espino was selling a car to Garza. Navarette testified that he
saw Espino and Garza looking at the cocaine in the bag. Navarette denied
participating in the drug deal. Navarette testified that appellant was sitting on a
couch drinking a beer. Navarette also testified that he never saw appellant talk to
Garza, handle the black bag, or touch any cocaine. During direct examination,
Navarette testified that he went to the Espino's shop to make payments for a car he
bought from Espino, but during cross examination, Navarette changed his
testimony, stating that he went to see Espino to get a paint job estimate for his car. 

 Appellant presented no evidence, and the jury convicted both appellant and
Navarette of possession of cocaine with intent to deliver.

FACTUAL SUFFICIENCY

 In his sole point of error, appellant contends that the evidence was factually
insufficient to prove beyond a reasonable doubt that he was guilty of possession
with intent to deliver at least 400 grams of cocaine. To prove appellant's guilt, the
State introduced evidence that was centered on Garza's testimony. Appellant
argues that there was no corroborating evidence of Garza's testimony, such as
appellant's fingerprints on the drugs or recordings of the transaction. Appellant
claims that Garza's testimony was too weak to meet the State's burden of proof.

Standard of Review

 In a factual sufficiency review, we view all the evidence, both for and
against the finding, in a neutral light, and set aside the verdict if the proof of guilt
is so obviously weak as to undermine confidence in the jury's determination, i.e.,
that the verdict seems "clearly wrong and manifestly unjust," or the proof of guilt,
although legally sufficient, is nevertheless against the great weight and
preponderance of the evidence. Watson v. State, 204 S .W.3d 404, 414-15 (Tex.
Crim. App. 2006). "It is in the very nature of a factual-sufficiency review that it
authorizes an appellate court, albeit to a very limited degree, to act in the capacity
of a so-called 'thirteenth juror'." Id. at 416-17. However, we cannot conclude that
a conviction is "clearly wrong" or "manifestly unjust" simply because, on the
quantum of evidence admitted, we would have voted to acquit had we been on the
jury. Id. at 417. Nor can we declare that a conflict in the evidence justifies a new
trial simply because we disagree with the jury's resolution of that conflict. Id. We
note that a jury is in the best position to evaluate the credibility of witnesses, and
we afford "due deference" to the jury's determinations. Marshall v. State, 210
S.W.3d 618, 625 (Tex. Crim. App. 2006). 

 In conducting a factual-sufficiency review, we must also discuss the
evidence that, according to the appellant, most undermines the jury's verdict. See
Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). Appellant challenges
only the factual sufficiency of the evidence, and effectively concedes that the
evidence is legally sufficient to sustain his conviction. Patterson v. State, 96
S.W.3d 427, 434 n.8 (Tex. App.--Austin 2002), aff'd, 152 S.W.3d 88 (Tex. Crim.
App. 2004).

 To establish possession, there must be evidence, either direct or
circumstantial, that the accused exercised actual care, custody, control, or
management over the contraband. See Tex. Health & Safety Code Ann. §
481.002(38) (Vernon Supp. 2007). The State can use circumstantial evidence to
show that the defendant had the requisite intent to deliver. Mack v. State, 859
S.W.2d 526, 528 (Tex. App.--Houston [1st Dist.] 1994, no pet.); Williams v. State,
902 S.W.2d 505, 507 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd). 

 Appellant argues that his conviction was based solely on Garza's testimony,
which was too weak because the State lacked corroborating evidence. Appellant
claims that there was no scientific evidence to link him to the crime. In support of
his claim that the evidence was factually insufficient, appellant relies on Johnson v.
State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000). In Johnson, the witness, a sexual
assault victim, testified that she "believed" that she saw her attacker's face during
the assault. Id. at 5. When she was asked at trial whether she could identify the
defendant as her attacker, she said, "I cannot tell a hundred percent that it is him,
but I am positive." Id. She testified that she could not be "a hundred percent
positive" because it was dark, she was blindfolded, and the defendant wore a mask
during the assault. Id. There was also evidence that the witness had given
conflicting descriptions of her attacker. Id. at 6. The court of appeals held that the
State presented factually insufficient evidence because the witness's in-court
identification was too weak to meet the State's burden on the element of identity. 
Id. at 10. The Court of Criminal Appeals affirmed the court of appeals' decision to
reverse on factual sufficiency grounds. Id. at 12. 

 In this case, however, there is nothing equivocal about Garza's testimony. 
While it is true that Garza first testified that Navarrete, not appellant, cut open the
cocaine, after refreshing his memory with his offense report, Garza testified that
appellant, in fact, opened the cocaine. Garza never wavered in his testimony on
this issue after refreshing his memory. Additionally, Garza's testimony on this
issue was a detail, not an element of the offense, as in Johnson. Even if Navarrete
had opened the cocaine, there was other evidence showing that appellant was a
party to the offense. Garza consistently identified appellant as the man who was
"bear hugging" the bag containing the cocaine. Unlike Johnson, the State's
evidence, through Garza's testimony, was not "too weak" to show that appellant
was guilty of the charged offense. 

 The evidence viewed in a neutral light does not show how the verdict seems
"clearly wrong and manifestly unjust." Garza testified that appellant was present
when Garza and Navarrete discussed the price of the cocaine. Appellant was "bear
hugging" the bag containing the cocaine. At Navarette's instruction, appellant
opened the bag, showed Garza the two kilogram-sized bricks of cocaine, and then
cut open one of the bricks of cocaine. Although Garza initially identified
Navarette, not appellant, as the person who opened the cocaine, and Navarette
testified that neither he nor appellant participated in the sale of the cocaine, the jury
was entitled to believe Garza and disbelieve Navarette. See Jones v. State, 984
S.W.2d 254, 257 (Tex. Crim. App. 1998). Reconciliation of any conflicts in the
evidence falls within the exclusive province of the jury. Heiselbetz v. State, 906
S.W.2d 500, 504 (Tex. Crim. App. 1995). There is no requirement that the State
corroborate Garza's testimony to render the evidence factually sufficient. See
Davis v. State, 831 S.W.2d 839, 842 (Tex. App.--Dallas 1992, pet. ref'd) (holding
that testimony of single witness can be sufficient to support conviction).

 Accordingly, we overrule appellant's sole point of error.




CONCLUSION

 We affirm the judgment.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.


Do not publish. Tex. R. App. P. 47.2(b).